508 So.2d 567 (1987)
Frank H. BARTLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1995.
District Court of Appeal of Florida, Second District.
June 19, 1987.
Dennis J. Rehak, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Frank H. Bartlett, questions the trial court's denial of his motion *568 to suppress evidence discovered as a result of a stop of his vehicle by a Fort Myer's police officer.
The factual elements preceding the stop are that at approximately nine o'clock on the evening of February 21, 1986, the appellant was sitting in his parked automobile at a location testified to as a high crime area. Two women were standing at Bartlett's side of the car apparently engaged in a conversation with him. The police officer, upon observing the three people talking, turned his patrol car around and returned to a point proximate to Bartlett's car. At that moment Bartlett began to drive away. The officer stopped him and requested his driver's license. An inquiry undertaken by the police officer at the scene disclosed that Bartlett's license was suspended, and he was arrested. As soon as Bartlett arrived at the police station, his pockets were emptied and a small amount of cocaine was found. A search of his vehicle revealed marijuana and drug paraphernalia.
Bartlett was charged with the illegal possession of controlled substances, paraphernalia, and driving with a suspended license. He unsuccessfully sought to suppress the contraband and paraphernalia. We find merit in Bartlett's contention that the stop was illegal and reverse the trial court.
An officer may stop an individual if a well-founded suspicion is formed that the person targeted for the stop has committed, is committing, or is about to commit a crime. § 901.151(2), Fla. Stat. (1985). The factual settings giving rise to a "well-founded suspicion" are myriad and often incapable of measurement by a precise formula.
That which is clear, however, is that the events witnessed by the officer are to be considered in their entirety in order to be assured that the officer acted upon more than a mere "hunch" that criminal activity lay at the base of the observed conduct. McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). In Codie v. State, 406 So.2d 117 (Fla. 2d DCA 1981), we identified factors to be evaluated in assessing whether illegal activity undergirded a well-founded suspicion: time, location, physical appearance of the suspect, his behavior, the appearance and manner of operation of any vehicle involved, or anything incongruous or unusual in the situation. Id. at 119.
Here, Bartlett was in a high-crime area at approximately nine o'clock in the evening. He was parked on a public street speaking from his car with two women; but nothing unusual appeared to the officer and he testified that he stopped the appellant to determine "why he was out in, uh, that area, you know, predominantly black neighborhood, at that time."
Based upon the record before us, it cannot be said that the police officer possessed more than a mere "hunch" that illegal activity was about to take place. That Bartlett was in a high crime area is not a sufficient basis upon which to justify a stop, G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985), and the fact that he was parked on a public street is certainly not an adequate basis for a well-founded suspicion of potential criminal activity. Id.
Accordingly, we reverse, remand and direct that Bartlett be discharged from the charges stemming from the possession of the controlled substances and paraphernalia.
SCHEB, A.C.J., and CAMPBELL, J., concur.