730 So.2d 363 (1999)
Claudia DANIELEWICZ, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01128.
District Court of Appeal of Florida, Second District.
March 24, 1999.
Rehearing Denied April 27, 1999.
Scot E. Samis of Law Office of Ehrlich & Samis, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Claudia Danielewicz challenges the trial court's denial of her motion to suppress evidence of intoxication obtained during a traffic stop.[1] We reverse because the detention of Danielewicz by police was not based on a well-founded suspicion of criminal activity.
At 1:30 a.m. on July 4, 1997, Officer Robert Wierzba (Wierzba) of the Clearwater Police Department pulled into the parking lot of the Clearwater Mall near the Bombay Bicycle Club, a restaurant/bar located on Gulf to Bay Boulevard. Wierzba testified that this was not a high crime area, and the bar was open for business. There were other cars parked in the lot.
*364 Wierzba saw Danielewicz's car parked in a legal parking space near the rear of the business. The headlights were on and the engine was running. No traffic infraction was observed by the officer, and he had no reason to believe there was any problem with the vehicle. As Wierzba approached the vehicle, he saw that water was condensing on the windows from the air conditioner. He looked inside the car and saw Danielewicz in the driver's seat. She appeared to him to be asleep. Wierzba knocked on the window to get her attention. Danielewicz looked at the officer, but did not open her door, which was locked. Wierzba asked Danielewicz to get out of the car. She did not do so until Wierzba had asked her five times. After she unlocked the door and got out of the car, Wierzba gathered evidence which led to her arrest for driving under the influence (DUI). Danielewicz was charged with felony DUI based on prior offenses similar to Florida's DUI.
Defense counsel filed a motion to suppress evidence of DUI alleging that the officer's contact with Danielewicz was an illegal stop. The trial court found that the contact instigated by Wierzba was an investigative stop and that it was lawful. We agree that when Wierzba ordered Danielewicz to get out of the car an investigative stop occurred. The trial court erred, however, in finding that the stop was lawful.
As a general rule, an encounter between a police officer and a citizen becomes an investigative stop when the citizen is asked to exit a vehicle. See Popple v. State, 626 So.2d 185 (Fla.1993); Zelinski v. State, 695 So.2d 834 (Fla. 2d DCA 1997). In order to justify an investigative stop, the officer must have a well-founded suspicion that the subject of the stop is or is about to become involved in criminal activity. In this case, the officer did not articulate a well-founded suspicion of criminal activity. While the officer suspected that Danielewicz was inebriated because she was asleep in her car, he also stated that people sleep in their cars without criminal implication. The officer did not testify that he was concerned for the driver's personal health. The actions of Danielewicz were susceptible of being interpreted as innocent conduct; therefore, Wierzba needed additional factors before he could validly stop her.
The State argues that the contact between the officer and the citizen was a mere encounter with no Fourth Amendment implications. We disagree. The officer repeatedly asked Danielewicz to get out of the car. As the Florida Supreme Court observed in Popple, "[w]hether characterized as a request or an order, we conclude that Deputy Wilmoth's direction for Popple to exit his vehicle constituted a show of authority which restrained Popple's freedom of movement because a reasonable person under the circumstances would believe that he should comply." 626 So.2d at 188. Similarly, Wierzba's instruction to Danielewicz restrained her movements and amounted to a seizure of her person.
Since the investigative stop was not based on a well-founded suspicion, we reverse the trial court's denial of the motion to suppress.
NORTHCUTT, A.C.J., CASANUEVA, J., and QUINCE, PEGGY A., ASSOCIATE JUDGE, Concur.
NOTES
[1] Danielewicz also argues there was insufficient evidence of prior convictions to support a felony DUI sentence. We do not reach this issue based on our disposition of the suppression issue.