841 So.2d 689 (2003)
George YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1025.
District Court of Appeal of Florida, Second District.
April 11, 2003.
James Marion Moorman, Public Defender, and Jeffrey M. Pearlman, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
George Young appeals his judgment and sentence for possession of methamphetamine, contending that his motion to suppress should have been granted. We agree and reverse. This case demonstrates that, in light of the United States Supreme Court's opinion in Florida v. J. L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), it may now be important for a law enforcement dispatcher to explain to patrol officers whether a BOLO or dispatch is based on an anonymous tip or on information received from a more reliable source.
On June 14, 2001, a Polk County deputy sheriff received a call from his dispatcher that there was a disturbance at a specific mobile home park. The dispatcher told the deputy that the disturbance involved a man who was armed with a gun. The man was described as a white male in jean shorts and a black tank-top, carrying a white t-shirt. The deputy immediately drove toward the mobile home park. Before he arrived at the mobile home park or obtained any additional information, the deputy observed Mr. Young walking along the side of the road near the mobile home park. Mr. Young fit the description provided by the dispatcher. Mr. Young was not acting suspiciously in any manner, and the deputy saw no evidence of a firearm.
The deputy stopped his car and immediately conducted a Terry[1] stop. Because he had been informed that Mr. Young might be armed, the deputy performed a pat-down search for officer safety. He did not find a gun, but he found a hard object that he thought might be a knife. When he reached into Mr. Young's pocket to retrieve the hard object, a piece of aluminum foil came out with the hard object. The object turned out to be a cigarette lighter. *690 Inside the aluminum foil, the officer found methamphetamine. Mr. Young was arrested for possession of this illegal substance.
We do not reach any issue associated with the legality of the search because the initial Terry stop was impermissible under the rule announced in J.L. In J.L., the Supreme Court held that a similar anonymous tip, reporting the existence of an armed man at a bus stop, lacked sufficient indicia of reliability to justify a Terry stop. 529 U.S. at 271-72, 120 S.Ct. 1375. Because the report to law enforcement in this case came from an anonymous tipster over the telephone, the motion to suppress in this case should have been granted and the case dismissed.
We would emphasize that we do not fault the deputy for his actions in this case. There is nothing in the record to suggest that the deputy realized, at the time of these events, that the dispatch information had come from an anonymous tipster. He may have assumed that the information was obtained from a reliable citizen informant. In order to comply with the dictates of J.L., law enforcement agencies may need to modify the procedures they use to dispatch officers and issue BOLOs so that patrol officers know the nature of the source of the information received by the dispatcher. Likewise, occasionally it may be necessary for the State to call witnesses in addition to the arresting officer in order to establish the reliability of the information upon which the law enforcement agency acted when initiating a Terry stop.
Reversed and remanded.
FULMER and COVINGTON, JJ., concur.
NOTES
[1] See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).