851 So.2d 913 (2003)
Michael JACOBY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3192.
District Court of Appeal of Florida, Second District.
August 13, 2003.
*914 James Marion Moorman, Public Defender, and Steven L. Bolotin, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Michael Jacoby appeals his convictions for possession of methamphetamine and possession of drug paraphernalia. He pleaded no contest to the charges after the circuit court denied his dispositive motion to suppress physical evidence. Fla. R.App. P. 9.140(b)(2)(A)(i). The court should have granted the motion because *915 the evidence was seized during an illegal detention. Therefore, we reverse and remand with directions to discharge Jacoby.
At the hearing on Jacoby's motion, the arresting officer testified that she received an anonymous tip that people in a car parked behind a Hungry Howie's restaurant were smoking drugs. No evidence was presented that the tipster described anything about the car other than its location. The officer arrived at the scene shortly after midnight. She did not find a car parked behind the restaurant, but she noticed one parked behind another business in the same strip center.
The officer approached the car's occupants, asked them for identification, and asked why they were parked at that location. The passenger, a woman, said she lived nearby, but she and Jacoby were talking in the car because her roommate did not permit men in their residence. The officer asked the passenger and Jacoby to get out of the car, and they complied. The passenger consented to the officer's request to search her purse, and Jacoby consented to a search of his person. No drugs were discovered in either search. Then the officer asked for consent to search the car, but Jacoby refused.
At this point the officer retrieved her detection dog, Bailey, whom she had tied to a nearby fence. Bailey sniffed the car and alerted to the passenger door and a window. The officer then searched the car and found syringes, one containing methamphetamine and the other containing residue, as well as a silver spoon with methamphetamine residue. The contraband was not in plain view.
The officer was certainly free to ask the car's occupants why they were parked behind a closed business at such a late hour. This type of consensual policecitizen encounter does not implicate constitutional safeguards. Popple v. State, 626 So.2d 185, 186 (Fla.1993). Such questions can dispel an officer's suspicion that criminal activity may be afoot. Cf. Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Here, the passenger offered a reasonable, innocent explanation for their presence. The officer did not observe anything else, such as the smell of smoke or drugs in plain view, that might have increased her suspicion that a crime was taking place. Despite this, the officer asked the two to get out of the car.
When a police officer asks a person to exit his car, the encounter becomes an investigatory stop. Popple, 626 So.2d at 188; Parsons v. State, 825 So.2d 406, 408 (Fla. 2d DCA 2002). To justify such a stop, the officer must have a well-founded suspicion that the person has committed, is committing, or is about to commit a crime. § 901.151(2), Fla. Stat. (2001); Popple, 626 So.2d at 186; Parsons, 825 So.2d at 408. Here, the only basis for the officer's suspicion that Jacoby might be engaged in criminal activity was the anonymous tip.
When an officer acts on an informant's tip, the reliability of the information must be established before the officer can make an investigatory stop. See Travers v. State, 739 So.2d 1262, 1263 (Fla. 2d DCA 1999). Generally, the problem with an anonymous tip is that the credibility of the informant cannot be assessed. Alabama v. White, 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (holding "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity"). In some situations such a tip, if suitably corroborated, can exhibit "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." Id. at 327, 110 S.Ct. 2412. But an accurate description of a suspect and his location is not enough; the tip must contain some predictive information that *916 gives the police the means to test the informant's knowledge and credibility. Florida v. J.L., 529 U.S. 266, 271-72, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000); Young v. State, 841 So.2d 689, 690 (Fla. 2d DCA 2003).
In this case the anonymous tip lacked any indicia of reliability. The record does not even establish that the tip accurately described Jacoby. His car was not parked at the location the tipster gave, nor was there evidence that the informant related the make, model, or color of the car, or that Jacoby's car matched any such description. Moreover, the tip contained no "predictive information." Rather, it described a crime in progress, i.e., people smoking drugs. But the officer did not say that she saw or smelled smoke coming from the car. Thus, the officer's own observations during the consensual encounter cast doubt on the reliability of the tip. Because the anonymous tip lacked sufficient indicia of reliability, the officer lacked the well-founded suspicion necessary to justify an investigatory stop. For this reason the stop was illegal, the drugs and paraphernalia found in the car were the fruit of an unconstitutional seizure, and the evidence should have been suppressed. Popple, 626 So.2d at 188; Young, 841 So.2d at 690.
The State contends that the alert by the detection dog Bailey gave the officer probable cause to search Jacoby's car. But even assuming the State had made the showing necessary to support a finding of probable cause based on the alert, see Matheson v. State, 2003 WL 21766489, ___ So.2d ___ (Fla. 2d DCA 2003), nevertheless the question of whether the evidence should have been suppressed turned on the propriety of Jacoby's initial detention. See Denton v. State, 524 So.2d 495, 498 (Fla. 2d DCA 1988) (holding that the question of whether the evidence discovered when a dog alerted on a car should have been suppressed depended on whether the initial stop of the vehicle was proper). As we have discussed, the detention was illegal. This illegality tainted the subsequent seizure of evidence. Cf. Ford v. State, 783 So.2d 284, 286 (Fla. 2d DCA 2001) (holding that if initial detention is illegal, State must prove by clear and convincing evidence "that there has been an unequivocal break in the chain of illegality sufficient to dissipate the taint") (citation omitted).
Reversed and remanded with directions to discharge Jacoby.
DAVIS and SILBERMAN, JJ., Concur.