LaROSE, Judge.
K.W. appeals a disposition order that withheld adjudication and placed him on indefinite probation for carrying a concealed weapon. He pleaded no contest after the trial court denied his dispositive motion to suppress evidence. See Fla. R.App. P. 9.140(b)(2)(A)(i). The police *384 seized the evidence, a knife, during an illegal detention of K.W. Accordingly, we reverse.
The arresting officer received a dispatch on April 24, 2004, at 1:17 a.m., that a man with a gun was walking with a group of approximately five juveniles behind an Eckerd on Mandalay Avenue in Clear-water, Florida. Reportedly, the man was wearing a gray tee shirt and had a silver handgun in his waistband. An anonymous tipster alerted the police to these facts.
The officer arrived at the scene within two minutes of receiving the dispatch. He saw a group of six juveniles, including K.W., walking away from the Eckerd parking lot toward a parking lot in a nearby shopping plaza. A beach bar and a pizzeria were open across 'the street. As the officer approached them, the juveniles turned and started walking away from him. The officer ordered them to stop. They stopped and obeyed the officer’s instructions to face away from him, lock their fingers over their heads, and drop to their knees. The officer saw no weapons. Apart from the anonymous tip, the officer had no reason to believe that the juveniles were engaged in criminal activity.
The officer did not ask for consent to search the juveniles. He and other officers who arrived on the scene patted them down, one by one, looking for a gun. K.W., who was wearing a black tee shirt, was the third juvenile they patted down. The officer felt the exposed hilt of a knife in KW.’s waistband and arrested him. The officers found no gun on any of the juveniles.
In reviewing the order denying the motion to suppress, we defer to the trial court’s factual findings if supported by competent, substantial evidence; we review the trial court’s application of the law to those factual findings de novo. See Connor v. State, 803 So.2d 598, 608 (Fla.2001).
K.W. argues that Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), is controlling. We agree. In J.L., an anonymous tipster reported that a young black male wearing a plaid shirt and standing at a certain bus stop was carrying a gun. Id. at 268, 120 S.Ct. 1375. Two officers were dispatched promptly to the bus stop. They saw three black males, one of whom was wearing a plaid shirt. Id. No gun was visible, and J.L. made no unusual or threatening moves. Other than the tip, the officers had no reason to suspect illegal activity. Id. One of the officers frisked J.L., found a gun in his pocket, and arrested him. Id. The other officer frisked the other two young men but found nothing. Id.
The trial court granted J.L.’s motion to suppress the gun as evidence. Id. The Third District reversed, State v. J.L., 689 So.2d 1116 (Fla. 3d DCA 1997), but the Supreme Court of Florida held the search invalid. J.L. v. State, 727 So.2d 204 (Fla.1998). The U.S. Supreme Court affirmed: “The question presented in this case is whether an anonymous tip that a person is carrying a gun is, without more, sufficient to justify a police officer’s stop and frisk of that person. We hold that it is not.” J.L., 529 U.S. at 268, 120 S.Ct. 1375.
Information from an anonymous tipster is not per se unreliable. Indeed, such information can provide a reasonable suspicion for a stop if it is “suitably corroborated” by “specific indicia of reliability,” such as “the correct forecast of a subject’s ‘not easily predicted’ movements.” Id. at 269-70, 120 S.Ct. 1375. In Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), for example, an anonymous tipster informed the police that a woman carrying cocaine would leave an apartment building at a certain time in a *385 certain vehicle and drive to a particular motel. J.L., 529 U.S. at 270, 120 S.Ct. 1375 (citing White, 496 U.S. at 329, 110 S.Ct. 2412). Although the tip, alone, would have been insufficient to justify a stop, its reliability was confirmed after police observation demonstrated that the tipster accurately predicted the suspect’s future actions. Id. at 270-71, 120 S.Ct. 1375; see also Jacoby v. State, 851 So.2d 913, 916 (Fla. 2d DCA 2003) (anonymous tip insufficient for lack of predictive information and failure to describe suspect accurately); State v. Kelly, 790 So.2d 563 (Fla. 3d DCA 2001).
In contrast, the tipster who alerted the police to K.W.’s activities provided no predictive information that would have allowed them to test the reliability of the information. At most, the tip served to identify K.W. and place him at a particular location. As in J.L., this limited information provided by the tipster was insufficient to justify KW.’s detention.
An accurate description of a subject’s readily observable location and appearance is of course reliable in this limited sense: It will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person.
J.L., 529 U.S. at 272, 120 S.Ct. 1375; see also Cunningham v. State, 591 So.2d 1058, 1061 (Fla. 2d DCA 1991).
The State relies heavily on Campuzano v. State, 771 So.2d 1238 (Fla. 4th DCA 2000). This reliance is misplaced. In that case, an anonymous tipster stated that Campuzano would arrive at Riverbridge Plaza at 11:00 that night, driving a white 1984 Oldsmobile Cutlass with a blue vinyl top, to meet a white man and woman to sell them cocaine that would be in Campu-zano’s pocket. Id. at 1240. As predicted, police saw a car matching the tipster’s description arrive at Riverbridge Plaza just before 11:00. Id. Campuzano got out of the car and spoke briefly to a white man and woman, and the three of them entered a restaurant in the plaza. Id. at 1241. Police arrested Campuzano after following the three into the restaurant, patting down Campuzano to investigate a bulge in his right pants pocket, and discovering a plastic bag of cocaine. Id. Unlike the tip that led to KW.’s detention, the tip in Campu-zano provided specific, predictive information concerning the suspect and other participants in the illegal activity.
The State’s argument that the “totality of the circumstances” provided a reasonable suspicion that K.W. was armed is equally unconvincing. In considering the totality of the circumstances, “[t]he reliability of [an anonymous] tip is evaluated, among other considerations, on its degree of specificity, the extent of corroboration of predicted future conduct, and the significance of the informant’s predictions.” Marsdin v. State, 813 So.2d 260, 261 (Fla. 4th DCA 2002) (citing Illinois v. Gates, 462 U.S. 213, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Under this standard, the fact remains that the tipster offered no reliable information, other than identification and location, upon which the police could have reasonably suspected that K.W. was engaged in illegal activity.
The trial court ruled that KW.’s detention and patdown were justified because the tipster’s information provided reasonable suspicion that K.W. was armed. Based on the record before us, this was an incorrect application of the law. Accordingly, we reverse and remand with directions to discharge K.W.
*386 VILLANTI, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.