957 So.2d 689 (2007)
J.D. NETTLES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1440.
District Court of Appeal of Florida, Fifth District.
May 4, 2007.
James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Pursuant to a BOLO, Nettles' motor vehicle was stopped by two Leesburg police officers. During the encounter, cocaine was found in Nettles' shirt pocket. Nettles was charged with possession of cocaine and with violating his probation. He unsuccessfully moved to suppress evidence of the cocaine, alleging that his detention was unlawful. Nettles was ultimately found guilty of violating his probation and also convicted of possession of cocaine. We reverse.
At the motion to suppress hearing, the State had the burden to establish the validity of the investigatory stop of Nettles' vehicle. Irons v. State, 498 So.2d 958 (Fla. 2d DCA 1986). The State presented the testimony of one of the police officers who detained Nettles. Officer Mack testified that at the beginning of his shift, he had been instructed to "be on the lookout" for an older, black male with dreadlocks, driving a green Mercedes. The suspect was wanted for questioning regarding an *690 alleged aggravated battery or assault that had occurred a day or two prior. It is undisputed that at the time he was stopped, Nettles, a 49-year-old black man, had dreadlocks and was driving a green Mercedes.
Significantly, the State presented no evidence as to the source of the information provided to the Leesburg Police Department. We can only speculate as to whether the person(s) providing the Leesburg Police Department with the description of the alleged perpetrator of the aggravated battery or assault was a reliable citizen informant, or an anonymous informant whose tip contained "no indicia of reliability."[1] A tip lacking any indicia of reliability does not provide reasonable suspicion to make an investigatory stop. Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). Reasonable suspicion is not established solely by the accuracy of the description. There is also a requirement that a tip be reliable in its assertion of illegality.
An accurate description of a subject's readily observable location and appearance is of course reliable in this limited sense: It will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster had knowledge of concealed criminal activity. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person.
Id. at 272, 120 S.Ct. 1375.
As noted in Young v. State, 841 So.2d 689, 690 (Fla. 2d DCA 2003), the J.L. decision may well require law enforcement agencies to modify their procedures regarding the issuance of BOLOs so that patrol officers know the nature of the source of the information provided to them. Alternatively, on certain occasions, the State may need to call witnesses in addition to the arresting police officer in order to establish the reliability of the information upon which the arresting police officer acted.[2]
REVERSED AND REMANDED.
TORPY and LAWSON, JJ., concur.
NOTES
[1] Indeed, in this case, the trial court was advised by counsel that information regarding the alleged aggravated battery or assault had not come from the alleged victim.
[2] See also Rodriguez v. State, 948 So.2d 912 (Fla. 4th DCA 2007) (where an investigatory stop was invalid, in part, because the evidence failed to demonstrate whether the source of the BOLO received by the arresting officer was another police officer or, alternatively, some third party).