LaROSE, Judge.
Damian Simms appeals his conviction and 28.5-month prison sentence. He pleaded no contest to loitering or prowling and felonious possession of ammunition, reserving his right to appeal the denial of his dispositive motion to suppress evidence. In reviewing that order, “we defer to the trial court’s factual findings if supported by competent, substantial evidence; we review the trial court’s application of the law to those factual findings de novo.” K.W. v. State, 906 So.2d 383, 384 (Fla. 2d DCA 2005) (citing Connor v. State, 803 So.2d 598, 608 (Fla.2001)). Because law enforcement officers lacked probable cause to arrest Mr. Simms for loitering or prowling, we reverse.
Section 856.021, Florida Statutes (2008), outlaws loitering or prowling:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself or herself, or manifestly endeavors to conceal himself or herself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself or herself and explain his or her presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
The statute aims “to punish a certain type of incipient criminal behavior before it ripens into the commission or attempted commission of a substantive criminal act.... ‘[Tits essential law enforcement rationale [is] justifying intervention to prevent incipient crime.’ ” D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985) (quoting Model Penal Code § 250.6 cmt. at 388-91 (1980)).

Background

St. Petersburg police officers received an anonymous tip at 10:30 p.m. on Halloween night 2008: a thin, dark-haired, six-foot-tall man wearing a flannel shirt and pants was trying to open car doors in the 1000 block of 18th Avenue North, a residential area. Responding to the tip, Officer Denmark drove east on 18th Avenue North past the 1000 block and saw no one matching the description given by the tipster. Officer Denmark did exit his cruiser to talk to a resident who was getting something from his car. Moments later, Office Beauvois arrived in the area. He parked his vehicle at the corner on 11th Street facing south. He looked east down 18th Avenue North toward 10th Street and saw only other officers. Suddenly, according *1266 to Officer Beauvois, he saw Mr. Simms standing between two vehicles parked end-to-end along the south curb of 18th Avenue North.
Mr. Simms stepped from between the vehicles onto the grass along the south curb, walked east alongside one or two cars, turned north (left) between two cars, and walked east on the street close to parked vehicles. Officer Beauvois radioed Officer Denmark that the subject “was coming on the street from between two vehicles.” Officer Denmark walked toward Mr. Simms and detained him. He asked Mr. Simms where he was coming from. Mr. Simms responded that he was coming from a friend’s house. At that point, Officer Denmark read him his Miranda [1] rights. He again asked Mr. Simms where he was coming from, what he was doing, and if he had been ducking between the vehicles. Mr. Simms denied having been between the vehicles and said he was just walking home. Officer Denmark confirmed that Mr. Simms lived a few houses away. Mr. Simms would not divulge the name or address of the friend he had been visiting; he did not want the police to bother his friend.
Officer Denmark arrested Mr. Simms. The felony information charged him with loitering or prowling by “crouching between vehicles and ... endeavoring] to conceal himself....” When officers searched Mr. Simms incident to arrest, they found a .22 caliber bullet. Mr. Simms was also charged with felonious possession of ammunition. See § 790.28(1), Fla. Stat. (2008). He filed a motion to suppress, arguing that the officers lacked probable cause to arrest him for loitering or prowling. The trial court denied the motion. Mr. Simms pleaded no contest and reserved the right to appeal the denial of his motion. See Fla. R.App. P. 9.140(b)(2)(A)(i).

Analysis

The trial court concluded that the officers had two bases to stop Mr. Simms. First, the anonymous tip warranted the stop. But, “a truly anonymous tip has been consistently held to fall on the low end of the reliability scale, primarily because the veracity and reliability of the tipster is unknown.” Baptiste v. State, 995 So.2d 285, 292 (Fla.2008) (citing Florida v. J.L., 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000)). “[F]or an anonymous tip to provide a reasonable basis for a Terry[2] stop, the tip must contain specific details which are then comborated by independent police investigation.” Id. (citing J.L., 529 U.S. at 270-71, 120 S.Ct. 1375). The law requires corroboration of an anonymous tip’s assertion of illegality to prevent the tip from being used as a “tool of harassment.” See Baptiste, 995 So.2d at 298. Here, the accurate description of Mr. Simms’ appearance and location was not enough for a stop. J.L., 529 U.S. at 268-74, 120 S.Ct. 1375 (holding anonymous tip that young black male wearing plaid shirt and standing at particular bus stop was carrying gun lacked sufficient indicia of reliability to establish reasonable suspicion for Terry stop where officers did not observe gun); K.W., 906 So.2d at 385 (holding anonymous tip that man wearing gray tee shirt walking with five juveniles behind store had handgun in his waistband insufficient to justify detention where officer did not observe gun).
*1267 In J.L., the Court explained that, while an anonymous tipster’s accurate description of location and appearance is reliable in that it “will help the police correctly identify the person whom the tipster means to accuse, ... [it] does not show that the tipster has knowledge of concealed criminal activity.” 529 U.S. at 272, 120 S.Ct. 1375; see also Nettles v. State, 957 So.2d 689, 690 (Fla. 5th DCA 2007). The officers had no basis to stop Mr. Simms on suspicion of attempted burglary of automobiles. They did not observe him trying to open car doors. Even the trial court acknowledged that the officers lacked probable cause to arrest Mr. Simms based on the anonymous tip.
Alternatively, the trial court found a second basis for the stop: the circumstantial evidence suggested that Mr. Simms was loitering or prowling. Neither Officer Be-auvois nor Officer Denmark saw Mr. Simms crouching near automobiles. Officer Beauvois could only surmise that Mr. Simms had been crouching to conceal himself because he appeared to “just pop up.” The trial court concluded that Mr. Simms’ explanation of being with a friend did not dispel the officers’ alarm or concern for the safety of persons or property. Thus, the trial court ruled, the officers had probable cause to arrest Mr. Simms for loitering or prowling.
The offense has two elements. The first is loitering or prowling “in a place, at a time or in a manner not usual for law-abiding individuals....” § 856.021(1). We will not say that Mr. Simms’ presence on his own street at 10:30 p.m. was unusual for a law-abiding person. Indeed, Officer Denmark spoke to another resident outside on the same block at about the same time. However, the trial court found that Mr. Simms behaved in an unusual manner by crouching between cars. The second element of loitering or prowling is that the unusual behavior take place “under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property....” § 856.021(1). A defendant’s explanation of his presence is not an element of the crime. T.W. v. State, 675 So.2d 1018, 1019 (Fla. 2d DCA 1996) (citing K.R.R. v. State, 629 So.2d 1068, 1070 (Fla. 2d DCA 1994)).
Law enforcement officers may consider various circumstances in deciding whether alarm or concern is warranted: a person’s flight at an officer’s appearance, refusal to identify himself, or “manifest[ ] endeavor[ ] to conceal himself ... or any object.” § 856.021(2). Mr. Simms neither fled nor refused to identify himself. The trial court concluded that he tried to conceal himself. “In considering the second element, courts have found that the behavior must imminently threaten the safety of persons or property.” E.B. v. State, 537 So.2d 148, 149 (Fla. 2d DCA 1989) (citing State v. Ecker, 311 So.2d 104 (Fla.1975)); see also B.A.A. v. State, 356 So.2d 304, 305 (Fla.1978) (citing Ecker, 311 So.2d at 109); L.C. v. State, 516 So.2d 95, 96-97 (Fla. 3d DCA 1987). No one saw Mr. Simms crouching. Even if he did, our record does not support a conclusion that the officers had a reasonable concern for imminent threat to persons or property. Our precedent compels this result.
For example, in Woody v. State, 581 So.2d 966, 967 (Fla. 2d DCA 1991), we held that the officer’s concern for the safety of persons or property upon seeing appellant hiding in bushes “was not supported by any articulable facts which could reasonably warrant such a concern ..., [but] was based on pure speculation; there was nothing to suggest any independent criminal activity afoot.” We reversed the appellant’s conviction for loitering and prowling. Id.; see also Bowser v. State, 937 So.2d 1270, 1271-72 (Fla. 2d DCA 2006) (holding neither “possibly suspicious” eir- *1268 cumstances of appellant looking into cars in dark parking lot nor officer’s discovery upon questioning that appellant “seemed to be taking a roundabout route home” created requisite concern to establish loitering or prowling); L.C., 516 So.2d at 96-97 (holding suspicious behavior in high-crime area and insufficient explanation were not enough to elicit justified immediate concern for neighborhood safety necessary for loitering or prowling arrest).
The anonymous tip received by the officers did not create the level of imminent harm or danger needed for a detention and subsequent arrest for loitering and prowling. Officers may not base a decision to arrest for loitering or prowling on an anonymous tip. See Springfield, v. State, 481 So.2d 975, 978 (Fla. 4th DCA 1986) (holding officer could not in any way base his decision to arrest appellant for loitering or prowling on residents’ report of seeing black male in their back yard carrying something); cf. T.L.F. v. State, 536 So.2d 371, 372 (Fla. 2d DCA 1988) (holding officers could not properly consider bystander’s identification of appellant as burglary suspect in determining whether probable cause existed to arrest him for loitering or prowling). At most, it may have justified an attempted consensual encounter.[3] Moreover, because loitering and prowling is a misdemeanor, “only a police officer’s own observations may be considered in determining whether probable cause exist[s] to make a warrantless arrest.” Freeman v. State, 617 So.2d 432, 433 (Fla. 4th DCA 1993) (citing Chamson v. State, 529 So.2d 1160, 1161 (Fla. 3d DCA 1988)); Springfield, 481 So.2d at 977); see also D.L.B. v. State, 685 So.2d 1340, 1342 (Fla. 2d DCA 1996).
Finally, we note that the loitering or prowling statute requires special care in its application. See Carroll v. State, 573 So.2d 148, 148 (Fla. 2d DCA 1991) (observing that the loitering or prowling statute “reaches the outer limits of constitutionality and must be applied with special care”) (citing D.A., 471 So.2d at 153); Rinehart v. State, 778 So.2d 331, 335 (Fla. 2d DCA 2000) (Altenbernd, J., concurring) (“Loitering has long been an offense that occasionally tempts good police officers to exercise power in a manner that is inconsistent with the standards of our free society.... Loitering statutes often face close constitutional challenges.”). As we stated in Woody, for example, “the loitering and prowling statute [was used] as a catchall provision to detain a citizen and prosecute him where there was insufficient basis to convict on some other charge.” 581 So.2d at 967 (citing cf B.A.A., 356 So.2d at 304 (stating that if officer believed appellant was soliciting prostitution by repeatedly approaching drivers stopped at intersection, officer should have arrested her for that instead of loitering or prowling)); see also Ecker, 311 So.2d at 111 (“The use of Section 856.021 as a ‘catchall’ criminal offense may result in a finding that the statute has been unconstitutionally applied.”); L.C., 516 So.2d at 97 (“It cannot be emphasized enough that the loitering and prowling statute is not to be used as a ‘catchall’ provision whereby police may arrest citizens where there is no other basis which would justify their detention.”). We reach the same conclusion here. The officers lacked a sufficient basis to detain Mr. Simms for attempted burglary. They also lacked probable cause to arrest him for loitering or prowling. Accordingly, the trial court should have granted his motion to suppress evidence. We are compelled to reverse.
*1269 Reversed and remanded with directions for the trial court to discharge Mr. Simms.
CASANUEVA, C.J., and CRENSHAW, J., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (holding that officer with reasonable suspicion that an individual may be about to commit a crime and may be armed and dangerous may pat down his outer clothing to discover weapons if officer's reasonable inquiries do not dispel his reasonable fear for his own or others’ safety)..

. The State does not argue that the officers engaged Mr. Simms in a consensual encounter. See Popple v. State, 626 So.2d 185, 186 (Fla. 1993) (describing the three levels of police-citizen encounters), accord Greider v. State, 977 So.2d 789, 792 (Fla. 2d DCA 2008).