SILBERMAN, Judge.
G.B. appeals the order withholding adjudication of delinquency and placing him on juvenile probation for the offense of first-degree petit theft. He contends that because the State failed to prove the value of the stolen property the offense should be reduced to second-degree petit theft. Based on Marrero v. State, 71 So.3d 881 (Fla.2011), we must reverse the order and remand for the trial court to reduce the offense to second-degree petit theft.
The delinquency petition alleged that G.B. committed grand theft of property valued at $300 or more but less than $5000. See § 812.014(2)(c)(l), Fla. Stat. (2010). At the adjudicatory hearing, the State established that G.B. stole two laptop computers that were assigned to teachers at his middle school. The school principal testified that Hillsborough County purchased the laptops for between $1100 to $1500. Later she stated that the cost was between $800 and $1500. She believed that the stolen laptops were “[p]rob-ably no more than two-to-three years old at the most,” but she then added that they could have been older. The principal considered the laptops to be in good condition because they were used exclusively by teachers and not by students, but she did not appear to know the condition of the specific two stolen laptops. The school does not calculate a depreciation value on its computers.
In his motion for judgment of dismissal, G.B. argued that the State failed to prove that the value of the laptops was over $300. The trial court granted the motion for judgment of dismissal as to grand theft and found that the State had presented evidence for a first-degree petit theft which requires that the value of the property be $100 or more, but less than $300. *661 See § 812.014(2)(e). The trial court stated its belief that reasonable persons could not differ on that and noted that it had “never seen a laptop, even [a] used laptop go for less than a hundred dollars ever.”
In closing argument, defense counsel asserted that there was no proof beyond a reasonable doubt that the laptops, even combined, were worth a total of $100. The trial court stated that “even two used laptops that are three years old are going to be worth at least more than a hundred dollar[s]” and that it did not “think reasonable persons could differ on that.” Thus, the trial court found G.B. delinquent as to petit theft in the first degree.
On appeal, G.B. argues that the trial court erred in reducing the offense to first-degree petit theft instead of second-degree petit theft because the State failed to prove the value of the laptop computers. Petit theft of the second degree does not require proof of the value of the property. See § 812.014(3)(a).
Under the theft statute, the State must prove value by “the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)(l). Section 812.012(10)(b) provides that “[i]f the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.”
In Marrero the Florida Supreme Court determined that a trier of fact “is only allowed to determine a minimum value instead of an actual value if the value of the property cannot be ascertained.” 71 So.3d at 888-89. The value must be “impossible to ascertain” and not just a situation “of the State’s failure to present evidence of value (although capable of valuation).” Id. at 889. Absent impossibility, a “life experience” exception to determine value does not apply. Id.
As in Colletti v. State, 74 So.3d 497, 499 (Fla. 2d DCA 2011), the State failed to establish and the record does not show that it was impossible to determine the value of the stolen property. Thus, the trier of fact could not determine a “minimum value” because valuation was not impossible. See id. at 500. Without evidence of value, the trial court should have reduced the offense to second-degree petit theft. See Olivera v. State, 117 So.3d 433, 434 (Fla. 4th DCA 2013) (reversing grand theft of a dwelling conviction and directing entry of a judgment for second-degree pet-it theft when the stolen property consisted of a two-year-old laptop that was purchased for $1400 to $1500 and a less than six-month-old camera and iPod).
Accordingly, we reverse the disposition order and remand for the trial court to enter a disposition order with a finding that G.B. committed second-degree petit theft.
Reversed and remanded.
VILLANTI and LaROSE, JJ., Concur.