LaROSE, Judge.
In appeal case number 2D12-8453 (juvenile court case number ll-CJ-3113), W.D. appeals the withhold of adjudication and disposition order relating to charges of loitering and prowling, possession of cannabis, and possession of paraphernalia. He pleaded no contest to these misdemeanor offenses. He argues that the trial court should have granted his dispositive motion to suppress identity and evidence because the arresting officer had no basis to arrest him for loitering and prowling. We have jurisdiction, see Fla. R. App. P. 9.145, 9.140(b)(2)(A)(i), and reverse.[1]
*873 We are bound-by the trial court’s factual findings if supported by competent substantial evidence. We review de novo the application of the law to the facts. Simms v. State, 51 So.3d 1264, 1265 (Fla. 2d DCA 2011); P.R. v. State, 97 So.3d 980, 982 (Fla. 4th DCA 2012).
On a Friday afternoon in early June 2011, Deputy Venero saw W.D. and another boy on the back patio of a vacant house under renovation by Habitat for Humanity. He observed no wrongdoing. The deputy recalled, however, that a dispatch reported that children were behind the house.
Deputy Venero grew concerned about a possible burglary or truancy. Seeing the deputy approach, the boys fled. Deputy Venero eventually caught them. He brought them to his patrol car, searched them, handcuffed them, placed them under arrest, and seated them in the back of his car. He checked the house; he found no signs of a burglary, attempted burglary, or any other mischief. He arrested the boys solely “from the suspicion of a crime being committed.” Deputy Venero acknowledged that if he did not have a burglary, “I probably had a loitering and prowling.” We note that W.D. explained to the deputy that the boys had gone to a store, bought some sodas, and had stopped to drink the sodas on the back patio of the house. W.D. also advised the deputy that he had been suspended from school.
Denying the motion to suppress, the trial court found that the totality of the circumstances justified “a stop, a detention.” The trial court noted the following circumstances: (1) the deputy knew the house was vacant; (2) W.D. should have been in school at the time; (3) W.D. fled; and (4) W.D. hid. According to the trial court, “[t]he totality of those circumstances would lead a reasonable person to believe that a crime was either being committed or was about to be committed at the time the police officer arrived.” Although Deputy Venero probably had a basis to investigate further, see Terry v. Ohio, 392 U.S. 1, 15-16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a mere investigatory stop is not what happened. He arrested W.D. for loitering and prowling. See Simms, 51 So.3d at 1265; P.R., 97 So.3d at 982.
Section 856.021, Florida Statutes (2010), defines loitering and prowling. Case law is legion that
The crime of loitering and prowling has two elements: (1) the defendant loitered and prowled “in a place, at a time, or in a manner not usual for law-abiding individuals,” and (2) the loitering occurred under “circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. Because of its potential for abuse, the loitering statute must be applied with special care. It is not to be used as a “catch-all” provision when there is an insufficient basis for another charge.
To satisfy the first element, the state must prove that “the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage in due to the time, place, or manner of the conduct involved.” Such behavior comes close to, but falls short of, the actual commission or attempted commission of a substantive crime. A “vaguely suspicious presence” is insufficient. Rather, the defendant’s behavior must point “toward an imminent breach of the peace *874 or threat to public safety.” Stated another way, there must be a “threat of immediate, future criminal activity.”
To satisfy the second element, the state must demonstrate that the loitering occurred under “circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” “Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself or herself, or manifestly endeavors to conceal himself or herself or any object.”
If after being confronted by an officer, the defendant “produces credible and reliable identification and complies with the orders of the law enforcement officer necessary to remove the threat to the public safety ... the charge under this statute can no longer properly be made.” However, “[t]he failure to provide identification or a reasonable explanation for the questioned activity are not elements of the crime.”
“[T]he offense of loitering and prowling must be completed prior to any police action.” And because flight from police comes after the officer’s presence is made known, flight alone is insufficient to satisfy the elements of loitering and prowling.
P.R., 97 So.3d at 982-83 (internal citations omitted). See also Simms, 51 So.3d at 1267 (noting that the loitering and prowling statute requires special care in its application and cannot be used as a catchall where police may arrest persons when there is no other basis that justifies their detention; collecting cases); S.K.W. v. State, 112 So.3d 775, 777 (Fla. 2d DCA 2013) (explaining the elements of loitering and prowling and collecting cases); Mills v. State, 58 So.3d 936, 939-40 (Fla. 2d DCA 2011) (holding that officers did not have probable cause to arrest defendant for loitering and prowling; officers did not observe both elements of the crime where only vaguely suspicious presence was apparent and there was no showing of an imminent breach of the peace or threat to persons or property); Ferguson v. State, 39 So.3d 551, 553-54 (Fla. 2d DCA 2010) (holding that officer lacked probable cause necessary to arrest defendant on loitering and prowling; there was no evidence that conduct suggested that a breach of the peace was imminent or that the conduct was close to the commission or attempted commission of a substantive crime such as an imminent burglary, trespass, or other crime).
Deputy Venero had no basis to charge W.D. with burglary, truancy, or trespass. Assuming that W.D.’s presence was more than just vaguely suspicious, we do not find that the second element of loitering and prowling is satisfied in any way. There is no evidence suggesting that Deputy Venero observed conduct sufficient to raise an immediate concern for the safety of persons or property. Thus, the trial court erred in denying the motion to suppress.
Affirmed as to juvenile case number 12-CJ-774; reversed and remanded to vacate the dispositions in juvenile case number ll-CJ-3113.
ALTENBERND and KELLY, JJ., Concur.

. Appeal case number 2D12-3454 (juvenile court case number 12-CJ-774), involves review of W.D.’s disposition and withhold of adjudication for battery on a school teacher. *873 W.D. filed a no-merit brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no reversible error in the trial court's rulings and affirm without further discussion.