NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRESSIE DEMONTE ELLIS,          )
                                )
            Appellant,          )
                                )
v.                              )          Case No. 2D13-1277
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____ )

Opinion filed February 11, 2015.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Howard L. Dimmig, II, Public Defender, and
Richard P. Albertine, Jr., Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.

SILBERMAN, Judge.

Tressie Demonte Ellis appeals his convictions and sentences for burglary

of an unoccupied dwelling, grand theft (from a dwelling), and loitering or prowling.  We

affirm his conviction and sentence for burglary without discussion.  However, because

the State failed to prove a prima facie case of loitering or prowling, we reverse that

conviction and sentence. And because the State failed to prove the value of the stolen property, we reverse the conviction and sentence for grand theft and remand for entry of a conviction and sentence for second-degree petit theft.

At 11:08 p.m. on September 24, 2012, a 911 caller reported a burglary by two black males. At 11:15 p.m., a deputy observed two black men in black clothing running from the scene. The men climbed a wall and headed in the direction of a wooded area near an apartment complex. Corporal Schmick responded to the burglary call as part of a perimeter unit and first observed Ellis in the gated apartment complex at 11:36 p.m. Ellis was walking back and forth in front of a closed gate for vehicular traffic. Ellis saw the officer and then walked to an adjacent building. Corporal Schmick lost sight of Ellis, but after twenty to thirty seconds, Ellis walked back to the gate. A vehicle entered through the gate, but Ellis remained there. Then a couple of minutes later, Ellis walked out of the complex through a nearby pedestrian gate. He walked straight towards Corporal Schmick who then initiated a consensual encounter.

Ellis was cooperative and gave his name to Corporal Schmick. He acknowledged that he did not live in the complex. He said he was cutting through the complex and had walked through the gate to get into the complex. Corporal Schmick stated that Ellis "appeared to fit the description of one of the suspects." Also, Ellis was sweating profusely and out of breath, his pants and feet were muddy, and he had a small laceration on his wrist. Corporal Schmick felt that Ellis's story did not make sense because the complex was fully fenced and gated. One could not cut through the gated community because of the wall around it and the adjacent woods and swampy area.

Ellis was eventually arrested, and a search incident to arrest revealed two cell phones and a bracelet stolen in the burglary that had occurred just half an hour earlier.

Among other things, Ellis argues that the trial court should have granted his motion for judgment of acquittal as to loitering or prowling because the State failed to present a prima facie case to support the conviction. The crime of loitering or prowling under section 856.021(1), Florida Statutes (2012), has the following two elements:

> "(1) the defendant loitered and prowled 'in a place, at a time, or in a manner not usual for law-abiding individuals,' and (2) the loitering occurred under 'circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.' "

W.D. v. State, 132 So. 3d 871, 873 (Fla. 2d DCA 2014) (quoting P.R. v. State, 97 So. 3d 980, 982 (Fla. 4th DCA 2012)). Both elements must occur in the officer's presence and be complete before the officer takes action. Mills v. State, 58 So. 3d 936, 939 (Fla. 2d DCA 2011). This court has recognized that "a 'threat of immediate, *future* criminal activity' " must exist. W.D., 132 So. 3d at 874 (quoting P.R., 97 So. 3d at 983). This court has further explained that "[t]he officer is determining whether he or she is viewing conduct that is reasonably causing the officer alarm or imminent concern that harm to person or property will likely occur in the very near future unless the officer intercedes." McClamma v. State, 138 So. 3d 578, 586 (Fla. 2d DCA), review denied, No. SC14-1152, 2014 WL 4403154 (Fla. Sept. 5, 2014).

In McClamma, we stated that the defendant's actions might have caused "some level of suspicion that [he] had recently committed an offense such as burglary or theft, but it would not create a reasonable basis to believe he was intending to commit

harm to person or property in the very near future." Id. at 587. Similarly, the Fourth District reversed an adjudication of delinquency for loitering or prowling and observed that even though the juvenile "matched the description of the BOLO for the earlier burglary and was in the same area, no testimony was presented to indicate that Appellant was there to commit *another* burglary or some other offense or was otherwise threatening public safety." J.S. v. State, 147 So. 3d 608, 610 (Fla. 4th DCA) (footnote omitted), review denied, No. SC14-2004, 2014 WL 6883898 (Fla. Dec. 5, 2014).

Here, the circumstances reflect Ellis's effort to leave the vicinity of the earlier burglary rather than an immediate concern that a crime was likely to occur in the very near future. Ellis was walking out in the open, briefly entered an adjacent building, and then walked back to the closed vehicular gate. After a short time he exited the complex and walked towards Corporal Schmick. Nothing indicated that Ellis was about to burgle an apartment, break into a car, or otherwise threaten the safety of persons or property in the area. Rather, Ellis's actions were those of a person who was trying to find his way out of the gated complex.

While Corporal Schmick testified that he believed Ellis was an imminent threat to the residents at the time of his arrest because he was walking around in an apartment complex and did not live there, this stated reason falls short of a reasonable belief that Ellis "was intending to commit harm to person or property in the very near future." McClamma, 138 So. 3d at 587. And the evidence does not otherwise establish that reasonable alarm existed "for an imminent threat to person or property in the vicinity." Id. Because the State failed to prove a prima facie case of loitering or prowling, we reverse Ellis's conviction and sentence for that crime.

- 4 -

With respect to grand theft from a dwelling, the State failed to prove that the value of the two cell phones and bracelet was greater than $100. See § 812.014(2)(d), Fla. Stat. (2012). "Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)(1). "If the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100." § 812.012(10)(b). Here, no evidence was presented that the value of the property could not be ascertained.

The jury may determine a minimum value instead of actual value only " '*if* the value of the property *cannot* be ascertained.' " G.B. v. State, 123 So. 3d 660, 661 (Fla. 2d DCA 2013) (quoting Marrero v. State, 71 So. 3d 881, 888-89 (Fla. 2011)). It must be impossible to determine the value "and not just a situation 'of the State's failure to present evidence of value (although capable of valuation).' " Id. (quoting Marrero, 71 So. 3d at 889). Unless valuation is impossible, "a 'life experience' exception" is inapplicable. Id. (quoting Marrero, 71 So. 3d at 889).

No evidence was presented regarding the value of one cell phone and the bracelet. The other cell phone had a cracked screen and had been purchased for $200 nine months previously. Nothing indicated that the value of the stolen items was impossible to ascertain. In fact, the victim testified that after his cell phone with the cracked screen was recovered, he got rid of it. He was not asked if he sold it, and if so, how much money he received for the phone. The State's evidence was insufficient to determine that the value of the stolen items was $100 or more. Therefore, we reverse

the grand theft conviction and remand for entry of a conviction and sentence for second-degree petit theft, a crime that does not require proof of the property's value.  See 812.014(3)(a); G.B., 123 So. 3d at 661.

In summary, we affirm the conviction and sentence for burglary of an unoccupied dwelling, reverse the conviction and sentence for loitering or prowling, and reverse the conviction and sentence for grand theft and remand for entry of a conviction and sentence for second-degree petit theft.

Affirmed in part, reversed in part, and remanded.


WALLACE and BLACK, JJ., Concur.