542 So.2d 483 (1989)
STATE of Florida, Appellant/Cross-Appellee,
v.
Van Herman FREEMAN, Appellee/Cross-Appellant.
No. 88-02816.
District Court of Appeal of Florida, Second District.
May 5, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellant/cross-appellee.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellee/cross-appellant.
PER CURIAM.
The state appeals Van Herman Freeman's three-and-one-half-year sentence for possession of cocaine, which represents a downward departure from the sentencing guidelines recommendation. Freeman cross-appeals his convictions for possession of cocaine, possession of narcotic paraphernalia, and loitering and prowling. We agree that the search which produced the cocaine and attendant paraphernalia, undertaken incident to Freeman's arrest for loitering, was unlawful and we reverse with directions to vacate all three convictions and to discharge Freeman.
The record discloses that during the early evening hours of March 11, 1988, Freeman and several others were standing on a street corner adjacent to "Pop's Grocery" in Ft. Myers. A sign on the nearby wall forbade "loitering." The group were observed *484 to do nothing except talk, and possibly collectively block pedestrian and vehicular traffic. The police, who were present for the express purpose of "hitting" a site where drug dealing frequently occurred, watched for three or four minutes, then approached the crowd. At this point the crowd dispersed. Freeman was arrested for loitering and prowling as he was walking down the street approximately 75 yards from "Pop's." There is no indication Freeman was permitted to explain his actions prior to the arrest.
These facts support neither an arrest nor a conviction under section 856.021, Florida Statutes (1987). The offense defined therein contains two elements: (1) the accused must "loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals," and (2) such actions must occur "under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." See State v. Ecker, 311 So.2d 104 (Fla.), cert. denied sub nom. Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975). The first element has been construed as "aberrant and suspicious criminal conduct which comes close to, but falls short of, the actual commission or attempted commission of a substantive crime." D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985). The gist of the second element is that the behavior "amount to an imminent breach of the peace or an imminent threat to the public safety." D.A., 471 So.2d at 152.
Nothing in the description of Freeman's activities up to the point of his arrest and search remotely qualifies as evidence of a criminal violation. The site was public or at least quasi-public, the hour was not shown to be unusual (the store apparently was open for business at the time), and nothing suggesting imminent independent criminal activity during the brief prearrest surveillance was described. Any "public safety" concerns suggested by this record involve, at most, inconvenience to other customers of "Pop's," and even this evaporated when the crowd evaporated at the onset of the "hit." There is no evidence Freeman was on store property without permission, thus depriving the state of any alternative theory such as trespass by which the arrest might be upheld. The relevance of the sign on the wall, or of officers' prior dealings with Freeman at the same site, is questionable. Any suggestion that the presence of this sign somehow debases to the level of crime Freeman's otherwise unpunishable conduct is circular logic.
Our decision with respect to the point on cross-appeal makes it unnecessary for us to reach the sentencing error alleged by the state to have occurred subsequent to Freeman's no contest plea.
Reversed.
RYDER, A.C.J., and LEHAN and PATTERSON, JJ., concur.