PER CURIAM.
The state appeals an order suppressing cocaine. We affirm.
Appellee Brown was observed at around 7:00 P.M. standing near a street corner, in front of a building posted with “no loitering” signs. The building contains several “abandoned” businesses, plus a diner that had not yet opened for the evening. A canopy shades the storefronts. Brown was leaning against the building with his legs propped against the wall. It was “drizzling” at this point in time. After watching from their patrol car for no more than two minutes the police approached. Brown “kind of pushed off” and started to walk away. The police arrested him for loitering, searched his person, and removed a coin purse that contained a cocaine “rock.”
The trial court granted Brown’s motion to suppress on the authority of State v. Freeman, 542 So.2d 483 (Fla. 2d DCA 1989). As in the present ease, the defendant therein had the misfortune to stand beneath a “no loitering” sign while otherwise engaging in nothing visibly unlawful. This court found the presence of the sign irrelevant to the question whether Freeman was in violation of section 856.021, Florida Statutes (1989). The state distinguishes the present case from Freeman in that Brown was arrested, not pursuant to the statute, but for a violation of Lee County ordinance 82-4. The relevant provisions state:
(c) Loitering after warning; obstructing free passage. It shall be unlawful for any persons, after first being warned by a law enforcement officer, or where a “no loitering” sign or signs have been posted, to loiter, stand, sit or lie in or upon any public or quasi-public sidewalk, street, curb, crosswalk, walkway area, mall, or that portion of private property utilized for public use, so as to hinder or obstruct unreasonably the free passage of pedestrians or vehicles thereon; nor shall any person block or obstruct, or prevent the free access to the entrance to any building open to the public.
Appellee questions both the validity of the ordinance and its application to his conduct. We need not decide the first question, because the second is dispositive. First, the ordinance requires either that the offender receive a warning from police, or that there be signs present. If either circumstance exists, the ordinance imposes the additional burden of proving that the offender has positioned himself in such a manner that the free passage of others was impeded. The record before us contains no evidence that anyone was or would have been inconvenienced by Brown’s apparent effort to get out of the rain.
Affirmed.
THREADGILL, A.C.J., and PARKER and ALTENBERND, JJ., concur.