DANAHY, Acting Chief Judge.
Arthur Lee Woody appeals from his convictions for loitering and prowling, possession of cocaine, and possession of drug paraphernalia. The convictions were entered upon his plea of nolo contendere in which he reserved his right to appeal the trial court’s denial of his motion to suppress. Woody contends that the arresting officer did not have probable cause to arrest him for the crime of loitering and prowling. We agree and, accordingly, reverse.
At the hearing on the appellant’s motion to suppress, Sergeant Busbee of the Lee County Sheriff’s Department testified that at 6:40 p.m. he was in a marked patrol unit and entered a residential area known for its drug-related activity. He noticed a gathering of several males who immediately took flight. One of them, the appellant, entered and hid himself in an area of dense foliage thirty to forty feet from any residence. The sergeant approached the appellant and asked him to come out and explain what he was doing. The appellant replied that he was “just hanging out.” This explanation did not satisfy the sergeant so he arrested the appellant for loitering and prowling. In the ensuing search incident to this arrest, a crack pipe containing cocaine residue was found on Woody’s person. The sergeant stated that he arrested the appellant because he was hiding in the bushes and the sergeant was concerned for the safety of passersby who might be robbed or kidnapped by the appellant. The previous week the sergeant had warned the appellant that he could go to jail for loitering and prowling in this area.
No circumstance here suggests that either of the two elements of a proper arrest for loitering and prowling is present. The individual must loiter or prowl in a place, at a time, or in a manner not usual for law-abiding individuals and the circumstances must warrant a reasonable alarm or immediate concern for the safety of persons or property in the vicinity. B.A.A. v. State, 356 So.2d 304 (Fla.1978); State v. Ecker, 311 So.2d 104 (Fla.), cert. denied sub nom., Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, *967 46 L.Ed.2d 391 (1975); State v. Freeman, 542 So.2d 483 (Fla. 2d DCA 1989); Chamson v. State, 529 So.2d 1160 (Fla. 3d DCA), review denied, 539 So.2d 476 (Fla.1988). The sergeant’s concern for the potential robbery or kidnapping of a pedestrian if the appellant were allowed to remain in the bushes was not supported by any articula-ble facts which could reasonably warrant such a concern. Rather, any such concern was based on pure speculation; there was nothing to suggest any independent criminal activity afoot. Cf. B.A.A. (if officer believed defendant was soliciting prostitution by repeatedly approaching drivers stopped at intersection, officer should have arrested her for that instead of loitering and prowling); Freeman (nothing in description of activities preceding arrest was evidence of criminal activity where defendant was part of group gathered on street corner which dispersed at officers’ approach). Contrary to the dictates of B.A.A., the sergeant here used the loitering and prowling statute, section 856.021, Florida Statutes (1989), as a catchall provision to detain a citizen and prosecute him where there was insufficient basis to convict on some other charge.
Reversed with directions to discharge the appellant.
LEHAN and PARKER. JJ., concur.