FRANK, Judge.
Mac Arthur Watts was charged with the possession of cocaine, possession of drug paraphernalia and loitering. He pleaded nolo contendere following the denial of his motion to suppress. The events giving rise to the crimes are summarized as follows:
One morning at about 10:30 a.m. a police officer observed Watts walking along a *793 street in a manner the officer felt was suspicious. He saw Watts looking at his police car. The officer in turning his vehicle around lost sight of Watts. The officer then traveled the area and observed a person inside a school bus in a parking lot behind a Jaycee club house. Watts exited the bus upon command from the police officer. The officer asked Watts where he was going and what he was doing. Watts replied that he was going to the park. The officer then placed Watts under arrest for loitering and prowling and did a patdown search. He found a brass pipe containing cocaine residue in Watts’ pocket. Watts was subsequently charged with possession of paraphernalia, possession of cocaine, and loitering.
In the course of the suppression hearing, the police officer acknowledged that he merely became suspicious of Watts because of “eye contact” and the frequency of burglaries in the area. The police officer, however, was not aware of any burglaries that occurred that day. After traveling the area, the police officer saw the Jaycees’ school bus in a parking lot adjacent to a building owned by the Jaycees. Upon entering the parking lot, the police officer did not observe any criminal mischief, but he did see a person’s head “bobbing inside the school bus.” At that point, the police officer told whoever was in the bus to exit. Watts emerged. Some minutes later, the officer placed Watts under arrest for loitering and prowling. A pat-down produced a brass pipe containing a substance later determined to be cocaine residue. Subsequently, at the police station, Watts was again arrested for the possession of paraphernalia and cocaine.
Based upon the foregoing circumstances, and our recent opinion in Woody v. State, 581 So.2d 966 (Fla. 2d DCA 1991), we are persuaded that the patdown and subsequent arrests were improper:
No circumstance here suggests that either of the two elements of a proper arrest for loitering and prowling is present. The individual must loiter or prowl in a place, at a time, or in a manner not usual for law-abiding individuals and the circumstances must warrant a reasonable alarm or immediate concern for the safety of persons or property in the vicinity, (citations omitted).

Id.

Here, not unlike the controlling considerations requiring reversal of the convictions in Woody, Watts’ proximity to the Jaycees’ club house “was not supported by any ar-ticulable facts which could reasonably warrant” a concern that he would unlawfully enter the structure. Any concern the police officer may have had at the moment when he detected Watts in the bus “was based on pure speculation; there was nothing to suggest any independent criminal activity afoot.” Id.
In sum, the search yielding the drug paraphernalia and the residue was incident to an invalid arrest.
We reverse the trial court and direct that Watts be discharged.
SCHEB, A.C.J., and THREADGILL, J., concur.