PER CURIAM.
R.D.W., a juvenile, appeals the order finding him guilty of loitering or prowling. He contends the evidence was insufficient to support the finding of guilt and the trial court therefore erred in denying his motion for judgment of acquittal. We agree and reverse.
At the trial on the amended petition of delinquency charging R.D.W. with violating section 856.021, Florida Statutes (1993), the state adduced the following evidence. Detective Neil Fraley testified that he and his partner, who were on duty in plain clothes, were parked at the rear of a doughnut shop in an area of motels, restaurants, and stores in St. Petersburg. At about 9:20 p.m., they observed R.D.W. and two others ride by on their bikes. The trio caught the officers’ attention because they had jackets on and it was a warm August night, but Detective Fraley could not say whether the jackets were heavy or light. The officers watched the boys ride their bikes through two grocery store parking lots and look all around. After riding slowly through a third grocery store parking lot and looking around, the boys rode to the rear of the store, appeared to hide their bikes in the bushes, and removed their jackets and placed them with the bikes. The boys walked into the parking lot and, standing together, scanned the lot, watching cars and people for a couple of minutes. They then returned to their bikes, put their jackets back on, and rode away. At that point, Detective Fraley radioed uniformed patrol officers to stop the boys. During a patdown of the boys, a gun was found on one of R.D.W.’s companions. R.D.W. subsequently told officers during questioning that the boy in possession of the gun had been planning to do something crazy.
The trial court denied R.D.W.’s motion for judgment of acquittal made at the conclusion of the state’s case. It withheld adjudication and ordered R.D.W. to enter and successfully complete the Juvenile Alternative Services Program and perform twenty-five hours of work and several other specified tasks. R.D.W. then filed a timely appeal.
Section 856.021(1) provides that:
*1194 [i]t is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
We conclude that the facts adduced by the state were insufficient to establish a prima facie case of guilt under the statute, and the trial court erred in denying R.D.W.’s motion for judgment of acquittal. See E.B. v. State, 537 So.2d 148 (Fla. 2d DCA 1989); L.C. v. State, 516 So.2d 95 (Fla. 3d DCA 1987). As shown by the evidence, R.D.W. and his companions rode their bikes through public parking lots of stores that were open and from which people were coming and going. They then placed their bikes in the bushes, took off their jackets, walked into the parking lot, looked around for a couple of minutes, and returned to their bikes and rode off. However, nothing about either R.D.W.’s or his companions’ actions indicated that a breach of the peace was imminent or that public safety was threatened. See State v. Ecker, 311 So.2d 104 (Fla.1975). Although a gun was found on one of the boys and R.D.W. told officers that boy was going to do something crazy, the offense of loitering or prowling must be completed prior to any police action. E.B., 537 So.2d 148.
Accordingly, we reverse the order finding R.D.W. guilty of loitering or prowling and remand with instructions that he be discharged.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and BLUE and LAZZARA, JJ., concur.