PER CURIAM.
We reverse J.S.B.’s conviction for loitering and prowling. We determine that the evidence was insufficient to support a conviction.
At trial the State called only one witness, Deputy William Kelley of the Manatee *457 County Sheriffs Office. Pursuant to a report that a burglary was in progress at a welding business, he arrived at the reported address at approximately 8:30 a.m. He testified that he observed an empty vehicle in the parking lot and proceeded to check the rear of the location. Behind the building he saw a ditch, a dirt road, a pasture that might have been fenced, and four young men about 20 feet from the building. The young men were walking and did not flee when they observed Deputy Kelley. Among the four was J.S.B. After receiving Miranda[1] warnings, J.S.B. properly identified himself and indicated that they had pulled the car into the parking lot because it was overheating. He further advised the deputy that the boys were looking for water and a container to fill the radiator. Because he saw a water spigot and empty soda containers in the front of the building, the deputy doubted J.S.B.’s statement. The officer, who was the only witness, presented no evidence of burglary or an attempt. The State then rested and the defense moved for a judgment of acquittal, which was denied.
The State must prove two elements to sustain a conviction for loitering and prowling. First, the accused must be loitering and prowling in a manner not usual for law abiding citizens; and, second, the loitering and prowling must be under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property located in the vicinity. See State v. Ecker, 311 So.2d 104 (Fla.1975). As to the first element the State must prove more than vaguely suspicious presence. As to the second, it must prove conduct that is alarming in nature, indicating an imminent breach of the peace or a threat to public safety. See Von Goff v. State, 687 So.2d 926 (Fla. 2d DCA 1997). Further, because the crime is a misdemeanor, the elements of the offense must occur in the officer’s presence, see K.R.R. v. State, 629 So.2d 1068 (Fla. 2d DCA 1994), and the elements must be completed prior to any police action, see E.B. v. State, 537 So.2d 148 (Fla. 2d DCA 1989).
The facts presented by the State did not demonstrate that J.S.B.’s actions constituted an imminent breach of the peace or a threat to public safety. Therefore, the State failed to establish a prima facie case under section 856.021, Florida Statutes (1997), and the court erred in denying the juvenile’s motion for judgment of acquittal.
Accordingly, we reverse the order finding J.S.B. guilty of loitering and prowling and remand with instructions that he be discharged.
PARKER, C.J., and WHATLEY and CASANUEVA, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).