749 So.2d 548 (2000)
Thomas JAUDON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-617.
District Court of Appeal of Florida, Second District.
January 7, 2000.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Thomas Jaudon pleaded no contest to loitering and prowling, possession of cocaine, and possession of drug paraphernalia, reserving his right to appeal the denial *549 of his dispositive motion to suppress. Jaudon argues that the stop was improper because the officers lacked a well-founded suspicion of criminal activity. We agree and reverse.
At the suppression hearing, Deputy Edom testified that he and three other uniformed law enforcement officers were investigating the area of the Fletcher Wood apartment complex based on complaints of drug activity and trespassing. The officers were parked in the parking lot of an apartment complex across the street from the rear of the Fletcher Wood apartments, watching a hole in the fence that ran around the north side of the apartments. Shortly after midnight, an officer saw Jaudon, a sixty-two-year-old man who lived in the area, drive back and forth several times. He then parked about five feet behind the unmarked police car. Jaudon crossed the street and walked through the hole in the fence. The officers observed Jaudon run through an abandoned building in the complex then towards an occupied building. The officers followed through the hole in the fence.
As they approached the occupied building, the officers saw Jaudon walking towards them. The officers stopped Jaudon in the parking lot so that he could dispel their suspicions about his conduct. According to the officers' testimony, Jaudon consented to a weapons pat-down although Jaudon denied this. The pat-down revealed crack cocaine and a pipe.
Jaudon argues that the officers did not possess an articulable suspicion to stop him for loitering and prowling because they could not point to specific facts showing either an imminent breach of peace or threat to public safety as required by section 856.021, Florida Statutes (1995). During an investigatory stop,
a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1991). In order not to violate a citizen's Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity. Mere suspicion is not enough to support a stop.
Popple v. State, 626 So.2d 185, 186 (Fla. 1993) (citation omitted). There are two elements required for the misdemeanor crime of loitering or prowling. First, the individual must "loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals" and, second, the circumstances must "warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." § 856.021, Fla. Stat. (1995).
While we see record support for the trial court's conclusion that Jaudon "prowled" in a time, place or manner not usual for law-abiding individuals based on the late hour and Jaudon's suspicious entry through a hole in the fence, the officers did not articulate any facts to demonstrate a justifiable alarm or immediate concern for the safety of persons or property. The officers testified that they did not see Jaudon engage in any transactions, suspicious or otherwise, nor did they see him encounter any other individuals. Jaudon was actually leaving the complex and returning to his car when the officers stopped him.
Presence in a high crime area "does not, by itself, create a reasonable concern for the safety of persons or property." Coleman v. State, 707 So.2d 767, 768 (Fla. 2d DCA 1998) (suppressing evidence; no basis to stop for loitering and prowling when officer's suspicion of drug transaction was not supported by articulable facts). In Woody v. State, 581 So.2d 966 (Fla. 2d DCA 1991), this court reversed the denial of a motion to suppress evidence. Although the officer saw Mr. Woody take flight upon his arrival and hide in dense foliage, this court held that the officer's
concern for the potential robbery or kidnapping of a pedestrian if the appellant *550 were allowed to remain in the bushes was not supported by any articulable facts which would reasonably warrant such a concern. Rather any such concern was based on pure speculation; there was nothing to suggest any independent criminal activity afoot.
581 So.2d at 967. Because the State offered no evidence to show that the officers possessed anything more than a mere suspicion or speculation as to criminal activity or safety concerns for the persons and property in the vicinity, we hold that the stop was improper. Accordingly, we reverse the denial of the motion to suppress and remand for Jaudon's discharge.
Reversed and remanded for discharge.
FULMER and DAVIS, JJ., Concur.