754 So.2d 849 (2000)
R.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2549.
District Court of Appeal of Florida, Second District.
April 7, 2000.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
*850 Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
R.M. appeals his conviction for loitering and prowling in violation of section 856.021, Florida Statutes (1997), and contends that the trial court erred in failing to grant his motion for judgment of acquittal. Because the evidence presented by the State was legally insufficient for a conviction, we reverse.
On the night of February 6, 1999, a gas station manager in Sarasota saw a young man and woman in the parking lot of the Cadillac dealership across the street. For approximately ten minutes, the manager observed the two pulling on the door handles of one car after another. Because of their conduct and the late hourit was almost 11:00 p.m.the manager called the police. While she was on the phone the manager told the dispatcher that the two had begun walking down an adjacent street, but she never saw them again after they were arrested, and at trial the manager was unable to identify R.M. as the young man she saw pulling on the door handles.
Having presented this background information at the outset of the trial, the State turned its attention to the circumstances surrounding R.M.'s apprehension. An officer stopped R.M. and a companion as they walked in a public street approximately 50 feet away from the Cadillac dealership. When asked what he was doing there, R.M. gave somewhat inconsistent and improbable answers. A second officer testified that he inspected the lot and found what appeared to be fingerprints and pry marks on the windows or doorjambs of several cars, but because the vehicles were covered with dew and precipitation he could not obtain any more evidence. The police investigation uncovered no tools, either in the lot or on R.M.'s person. This second officer speculated that R.M. was conducting a "probe"-surveying the premises in anticipation of possible future criminal conduct.
In J.S.B. v. State, 729 So.2d 456, 457 (Fla. 2d DCA 1999), this court held that to obtain a conviction for loitering and prowling the State must prove the following two elements: first, the accused must be loitering and prowling in a manner not usual for law-abiding citizens; and second, the factual circumstances must warrant a justifiable and reasonable concern for the safety of persons or property in the vicinity. To satisfy the second prong the State must prove that the accused's conduct is alarming in nature, creating an imminent threat to public safety.
Here, the State demonstrated that a citizen's concerns were aroused by what she observed in the Cadillac dealership, but no evidence actually linked R.M. to the parking lot. The manager did not identify R.M. as the person she saw on the lot, nor did the State connect the fingerprints on the vehicles with R.M. Furthermore, when apprehended, R.M. was walking on a public street in the company of a female at 11:00 p.m., behavior that cannot be described as particularly unusual or alarming. Thus, any suspicion that R.M. might have aroused by giving inconsistent or puzzling answers to the officer's questions is irrelevant, because there was no need for R.M. to dispel any alarm. See W.A.E. v. State, 654 So.2d 193 (Fla. 2d DCA 1995); K.R.R. v. State, 629 So.2d 1068 (Fla. 2d DCA 1994).
The factual circumstances might have been, as the officer conjectured, consistent with a "probe." However, mere suspicions of future criminal conduct will not satisfy the statute, which requires proof that the suspect's actions created an immediate concern for the safety of nearby property. These facts did not rise to that level as there was no evidence of an imminent threat.
*851 Accordingly, we reverse the order finding R.M. guilty of loitering and prowling and remand with instructions that he be discharged.
GREEN, A.C.J., and SALCINES, J., Concur.