CASANUEVA, Judge.
B.A.O. appeals an order withholding adjudication but finding he had committed the delinquent act of loitering and prowling under section 856.021, Florida Statutes (2003). Because the State did not present evidence establishing all the elements necessary for conviction, we reverse.
At 2:45 a.m. on August 30, 2003, a security guard at an apartment complex in Hillsborough County spotted B.A.O. and another male walking towards the entrance of the complex. Later in the morning the security guard noticed the two inside the complex carrying a bicycle. The security guard noticed that a chain around the rear spokes of the rear wheel prevented the wheel from turning. At this point, the security guard stopped B.A.O. and his companion to question the two about the bicycle. The security officer then became suspicious and called the sheriffs office.
A deputy from the Hillsborough County Sheriffs Office responded to the call. When the deputy arrived, she questioned the two young men about the bicycle and their reasons for being at the apartment complex. B.A.O. and the other juvenile stated they did not live in the apartments or know anyone in the area. According to B.A.O., the two youths were “out walking” when they found the bicycle “in a ditch.” The deputy did not believe B.A.O. and concluded he was stealing the bike. The deputy then discovered that B.A.O. was carrying a pocket knife and the other youth had a pellet gun with him.
Based on this evidence, the trial court found B.A.O. not guilty of carrying a concealed weapon. On the charge of loitering and prowling, the trial court found B.A.O. guilty but withheld adjudication.
In order to obtain a conviction for loitering and prowling the State must prove two elements. In J.S.B. v. State, *303 729 So.2d 456 (Fla. 2d DCA 1999), this court reiterated the State must establish that the accused was: (1) loitering and prowling in a manner not usual for law abiding citizens (2) under circumstances warranting justifiable and reasonable alarm for the safety of persons or property in the vicinity. 729 So.2d at 457. The former requires the State to show more than a vaguely suspicious presence, while the latter requires the State to prove conduct that is alarming in nature, indicating an imminent threat to public safety. Id.
The facts presented by the State failed to prove the second prong of the test for loitering and prowling. Specifically, there is no evidence that B.A.O.’s actions indicated an imminent threat to property or people in the area. Mere suspicion of criminal activity will not support a conviction for loitering and prowling. R.M. v. State, 754 So.2d 849, 850 (Fla. 2d DCA 2000). The State did not provide evidence as to the owner of the bike or that B.A.O. stole the bike. Therefore, the record does not contain facts sufficient to prove an imminent threat to the safety of persons or property. Id. at 854. See also T.W. v. State, 675 So.2d 1018, 1019 (Fla. 2d DCA 1996). Because the record does not contain evidence that satisfies this second element, the State did not meet the burden necessary for a finding that B.A.O. had committed loitering and prowling.
Accordingly, we reverse with directions to vacate the withheld adjudication and discharge B.A.O.
SALCINES and CANADY, JJ., Concur.