982 So.2d 1209 (2008)
T.R.T., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3703.
District Court of Appeal of Florida, Second District.
May 23, 2008.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
WILLIAMS, CHARLES E., Associate Judge.
T.R.T., a juvenile, seeks review of the trial court's order adjudicating him delinquent and committing him to a moderate *1210 risk residential program. T.R.T. entered an admission to the charge of possession of marijuana and reserved his right to appeal the denial of a dispositive motion to suppress. T.R.T. argues that the stop which led to the discovery of the marijuana was illegal because it was not supported by a reasonable suspicion of criminal activity. We agree and reverse.
At approximately 4 a.m. on May 5, 2007, Officer Wassmer drove to a residence in a high-crime area in response to a call regarding an unrelated case. Officer Wassmer approached the residence from an alley that ran behind several residences in the neighborhood. The alley was separated from the residences by a fence. Officer Wassmer observed an occupied SUV legally parked further down the alley and behind a vacant apartment. Officer Wassmer observed the SUV for five to six minutes. As he watched, the driver turned the lights off. Officer Wassmer then proceeded to his call, which took about two minutes. When he returned to the alley, Officer Wassmer noticed that the SUV was still there. The driver then turned the SUV's lights on, backed up, turned around, and started driving north toward Officer Wassmer. At this time, Officer Wassmer initiated a stop. In the course of the stop, the officer discovered that the driver was T.R.T., who did not have a driver's license. A search incident to arrest for driving without a license revealed marijuana.
The trial court denied T.R.T.'s motion to suppress based on the court's conclusion that Officer Wassmer had a reasonable suspicion of criminal activity that supported a stop of T.R.T. The court found that T.R.T.'s actions of sitting in a parked vehicle in the alleyway in a high-crime area at 4 a.m. and turning the lights off then on again provided a reasonable suspicion that T.R.T. was committing the offense of loitering or prowling. Thus, the court concluded that the stop of T.R.T. was legal.
On appeal, T.R.T. argues that the trial court erred in determining that his actions provided a reasonable suspicion that he was loitering or prowling. In order to establish the crime of loitering or prowling, it must be shown that (1) the individual is loitering or prowling "`in a place, at a time or in a manner not usual for law-abiding individuals,'" and (2) "the circumstances must `warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.'" Jaudon v. State, 749 So.2d 548, 549 (Fla. 2d DCA 2000) (quoting § 856.021, Fla. Stat. (1995)). The supreme court has warned against using this statute as a "catch-all" provision to detain suspicious individuals without a sufficient basis to sustain any other charge. B.A.A. v. State, 356 So.2d 304, 306 (Fla.1978).
The facts in this case are analogous to those in McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986). In McCloud, two police officers were on routine patrol in a high-crime area at 1:20 a.m. when they observed a car backed up to an abandoned building. Id. at 1165. The building was boarded up and had "No Trespassing" and "No Loitering" signs posted thereon. The officers parked their car, exited, and separated. One officer approached the car, and the other approached the building to check for evidence of entry. As the officer approached the car, the driver started the engine and put the car in gear. The officer stopped the car before it could depart. The stop led to the discovery of a firearm and marijuana. Id. at 1165-66.
This court reversed the denial of the defendant's motion to suppress, holding that the officers did not have a reasonable suspicion of criminal activity, but were acting on a hunch. Id. at 1167. The court reasoned that the officers were basing the stop on the time of day and the location of *1211 the parked car. The court explained that there was nothing that suggested illegal activity from the defendant's action of starting the car and attempting to proceed on his way. The court concluded, "Though it may have been imprudent to park his car next to a boarded-up building, under a `No Trespassing' sign, late at night, such innocuous activity by the appellant did not create the requisite `well-founded suspicion' that criminal activity was `afoot.'" Id.; see also Davis v. State, 695 So.2d 836, 837 (Fla. 2d DCA 1997) (holding that police did not have reasonable suspicion to stop defendant in vehicle parked in a wooded area next to a shopping mall at 10 p.m. even though there had been "past problems in the same vicinity").
As in McCloud, T.R.T. was stopped because he was parked by a vacant building in the early morning hours. While it was suspicious for T.R.T. to be sitting in a parked vehicle in an alleyway in a high-crime area at four in the morning, there was no evidence that there was reason for Officer Wassmer to be concerned for the safety of nearby persons or property. The State argues that T.R.T.'s actions in turning the lights off and then on provided a reasonable suspicion of criminal activity. However, it is simply not clear how this activity in itself would suggest that T.R.T. was about to commit a crime.
The State also argues that the lateness of the hour distinguishes this case from the cases involving stops that occurred earlier in the night. In affirming an order granting a motion to suppress involving a similar stop of a defendant in a parked vehicle at 4:30 a.m., the Third District has stated:
Much has been made of the fact that this incident occurred at 4:30 in the morning. Yet, this fact alone does not insulate Officer Malone's stop of defendant in a legally parked vehicle from fourth amendment infirmity. "It has long been recognized in this state that being out on the public street during late and unusual hours cannot constitute a valid basis to temporarily detain" a defendant.
State v. Taylor, 826 So.2d 399, 405 (Fla. 3d DCA 2002) (quoting Levin v. State, 449 So.2d 288, 289 (Fla. 3d DCA 1983), approved, 452 So.2d 562 (Fla.1984)) (footnote omitted); see also Rinehart v. State, 778 So.2d 331, 332-33 (Fla. 2d DCA 2000) (holding that police did not have a reasonable suspicion to stop a man and woman entering a vehicle parked near an apartment building at 4:30 a.m.).
Because T.R.T.'s actions did not give rise to a reasonable suspicion of criminal activity, the stop of his vehicle was illegal. Accordingly, the trial court erred in denying T.R.T.'s dispositive motion to suppress. We reverse and remand with directions for the trial court to order T.R.T.'s discharge from custody.
Reversed and remanded.
NORTHCUTT, C.J., and WALLACE, J., Concur.