987 So.2d 182 (2008)
Nathan STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1582.
District Court of Appeal of Florida, Second District.
July 18, 2008.
*183 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
A jury convicted Nathan Stephens of possession of cocaine, possession of paraphernalia, and loitering and prowling. He has appealed, seeking a new trial based on alleged prosecutorial misconduct in closing argument. He also contends that the evidence was insufficient to support the paraphernalia and the loitering convictions. We agree with Stephens's argument concerning the loitering and prowling charge, and we reverse that conviction. We affirm on his other issues without further discussion.
A Lake Wales police officer was patrolling the city in the early morning hours when he noticed a man standing in a parking lot adjacent to a closed grocery store. As the officer drove by in his marked patrol car, the man moved into the shadows and ducked behind a parked car. The officer circled the parking lot and drove back toward the man through an alley. When the patrol car's lights reached the man's location, he stood up and discarded a small item. He then began to scratch lottery tickets. The officer stopped the man, who identified himself as Stephens. When asked why he was behind the grocery, Stephens replied that his uncle, Mr. Wilson, lived in an apartment attached to the business. Stephens then walked away. The officer retrieved the discarded item, a baggie containing cocaine. He then arrested Stephens and, in a search incident to the arrest, discovered the paraphernalia, a pocket knife with drug residue on the blade.
As mentioned above, we limit our discussion to Stephens's conviction for loitering *184 and prowling, § 856.021, Fla. Stat. (2005). To sustain a conviction for that crime, the State must prove two elements: "(1) the accused was loitering and prowling in a manner not usual for law abiding citizens, and (2) the loitering and prowling was under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property located in the vicinity." C.H.S. v. State, 795 So.2d 1087, 1090 (Fla. 2d DCA 2001). The State presented sufficient evidence of the first element. Stephens was in the parking lot of a closed business in the early morning hours, and when he saw the patrol car he moved into the shadows and crouched behind a car.
The State failed to prove the second element. Stephens's mere presence in the parking lot was insufficient to raise an immediate concern for the safety of persons or property. See Bowser v. State, 937 So.2d 1270, 1271 (Fla. 2d DCA 2006) ("The possibly suspicious circumstances of four people looking into cars in a dark parking lot was not sufficient to raise justifiable alarm of an immediate threat."); R.D.W. v. State, 659 So.2d 1193 (Fla. 2d DCA 1995) (holding that boys wearing jackets on a warm night, hiding their bikes and jackets in the bushes, and scanning vehicles and people in a parking lot did not constitute an imminent threat to public safety). Stephens spoke with the officer, identified himself, and explained why he was near the closed business. Cf. C.H.S., 795 So.2d at 1090 (stating that alarm is presumed when a person flees, conceals himself, or refuses to identify himself).
That the officer subsequently discovered evidence of other crimes does not alter our analysis. The offense of loitering and prowling must be complete before any police action occurs. Bowser, 937 So.2d at 1272. Thus the fact that the search incident to Stephens's arrest for the drug crime disclosed that he had a small knife in his pocket did not prove the second element of loitering and prowling. See E.C. v. State, 724 So.2d 1243, 1245 (Fla. 4th DCA 1999) (recognizing that officer's discovery of a twelve-inch screwdriver in a pat-down search gave after-the-fact support to a suspicion of imminent criminal activity, but it could not support a loitering and prowling conviction because that offense must be completed before any police action). Nor did Stephens's act of discarding cocaine support the second element of the crime because drug possession does not pose a threat to persons or property. See C.H.S., 795 So.2d at 1088.
We reverse Stephens's conviction for loitering and prowling and remand to the circuit court with instructions to discharge him on that charge. Because our reversal does not affect the sentence that Stephens is serving, he need not be present for the proceeding.
Affirmed in part, reversed in part, and remanded.
FULMER and CANADY, JJ., Concur.