997 So.2d 1191 (2008)
D.S.D., a Child, and J.T.D., a Child, Appellants,
v.
STATE of Florida, Appellee.
Nos. 5D07-2789, 5D07-2790.
District Court of Appeal of Florida, Fifth District.
December 19, 2008.
*1192 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellants.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
D.S.D. and J.T.D. appeal adjudications of delinquency for loitering and prowling. We reverse.
Winter Park Police Officer Barber received a prowler report at about 3:30 a.m. in the area of Oakhurst Avenue and made contact with Appellants at a street corner two blocks from the vicinity of the report. Both wore all black. They did not flee when they saw the officer, but identified themselves and indicated they were looking for a friend named Ashley who was supposed to be waiting for them at the corner of Magnolia and Lakemont, about ten blocks away. Appellants thought they were lost and said they were going home, about two and a half miles away. Officer *1193 Barber arrested them because they did not know Ashley's last name, were not heading homeward as they indicated, were not on the street they were looking for, and based on the prowler report. Incident to arrest, he searched them and found a pair of cloth gloves in J.T.D.'s front pocket.
Appellants moved to dismiss the charges, arguing that the State failed to prove a prima facie case of loitering and prowling. The trial court denied the motion, adjudicated them delinquent, and sentenced each of the juveniles to six months' probation.
In order to obtain a conviction for loitering and prowling, the State must show (1) the accused was loitering and prowling in a manner not usual for law-abiding citizens, and (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property located in the vicinity. § 856.021, Fla. Stat. (2007); C.H.S. v. State, 795 So.2d 1087, 1090 (Fla. 2d DCA 2001). The gist of the first element is aberrant and suspicious criminal conduct that comes close to, but falls short of, the actual commission or attempted commission of a substantive crime. D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985). It does not, however, involve behavior that constitutes no threat of imminent criminal activity. Id. The second element requires a showing of circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property located in the vicinity. Alarm is presumed under the statute if the defendant flees, conceals himself or any object, or refuses to identify himself when a law officer appears. State v. Ecker, 311 So.2d 104, 106 (Fla.1975).
The elements of loitering and prowling were not met in this case. Appellants' presence in a residential neighborhood early in the morning, without more, does not support the charge. See V.E. v. State, 539 So.2d 1170 (Fla. 3d DCA 1989) (reversing loitering and prowling adjudication where juvenile and companion were merely walking down sidewalk when officer approached despite information twenty minutes earlier that youth had been looking in resident's window while companion tried the door).
A review of the cases interpreting the statute is instructive. Standing around behind a closed business late at night or early in the morning in an area noted for burglaries does not, without more, amount to the crime of loitering and prowling. C.H.S., 795 So.2d at 1091. Such conduct, even when joined with a recent report of criminal activity, does not suffice to prove loitering and prowling. J.S.B. v. State, 729 So.2d 456 (Fla. 2d DCA 1999) (insufficient evidence of loitering and prowling where officer responded to report of burglary in progress and found empty vehicle in parking lot and juvenile with three men walking around dirt pasture behind the building); K.R.R. v. State, 629 So.2d 1068 (Fla. 2d DCA 1994) (insufficient evidence of loitering and prowling where juvenile was found walking on railroad tracks at 12:30 a.m., near site of reported attempted car theft).
Officer Barber was justified in questioning Appellants when he discovered them wearing dark clothes, in the area of a 3:30 a.m. prowler report. During his encounter, however, no additional facts came to light to support an arrest for loitering and prowling. Even when an individual's conduct justifies an officer's alarm, the concern for an imminent breach of the peace may diminish because the loitering and prowling statute requires the officer to provide the person with the opportunity to dispel any alarm created by those circumstances. *1194 G.G. v. State, 903 So.2d 1031, 1033 (Fla. 4th DCA 2005). In G.G., the juvenile gave a false name he later corrected and a dubious story that he and his companion were looking for their dog when the officer questioned them after spotting two juveniles emerge from behind a shopping plaza at 3:45 a.m. One was carrying what appeared to be a brick, and, when they saw the officer, they ran away. G.G.'s brief flight and initial failure to provide his correct name was sufficient to raise alarm in the officer; however, the deputy was unable to articulate any fact that demonstrated the juveniles' conduct posed a threat to public safety or an imminent breach of the peace. Id.
The evidence was also deemed insufficient in Stephens v. State, 987 So.2d 182 (Fla. 2d DCA 2008), where the officer observed the defendant standing in the parking lot of a closed grocery store. When he saw the officer's marked patrol car, the Appellant moved into the shadows and ducked behind a parked car. The defendant then stood up, discarded a small item, and, when the officer shone a light on him, began to scratch a lottery ticket. The State must prove more than a vaguely suspicious presence, and the conduct must pose an imminent breach of peace and threat to public safety. T.W. v. State, 675 So.2d 1018, 1019 (Fla. 2d DCA 1996).
Likewise in this case, the information Officer Barber gleaned from the circumstances was simply insufficient to demonstrate a threat to public safety or an imminent breach of the peace. That Officer Barber discovered a pair of gloves in J.T.D.'s pocket does not alter the result. Possession of burglary tools may support a suspicion of imminent criminal activity after the fact, but the offense of loitering and prowling must be completed prior to any police action. See E.C. v. State, 724 So.2d 1243, 1245 (Fla. 4th DCA 1999) (presence of a 12" screwdriver discovered on juvenile after police stop for loitering and prowling did not give rise to a suspicion of imminent criminal activity); see also R.D.W. v. State, 659 So.2d 1193, 1194 (Fla. 2d DCA 1995) (gun found on one juvenile in search after police action); E.B. v. State, 537 So.2d 148, 150 (Fla. 2d DCA 1989) (wrench and bolt cutters found on juveniles during pat-down after police action). Cf. B.J. v. State, 951 So.2d 100 (Fla. 4th DCA 2007) (affirming loitering and prowling because circumstances suggested that the officers interrupted a burglary in progress and elements of loitering and prowling were shown where juvenile was hiding at 1:30 a.m. in the back of a pickup truck near a closed business that was the subject of a burglary call and officers found a used latex glove on the ground near the pried-open door with a broken padlock and more unused latex gloves in the truck).
Accordingly, we REVERSE the adjudications of guilt.
MONACO and EVANDER, JJ., concur.