KHOUZAM, Judge.
 

 Greyson Mills appeals his convictions for trafficking in illegal drugs (oxycodone), possession of morphine, providing a false name or identity to law enforcement, and loitering and prowling. Mills argues that the trial court should have granted his motion to suppress dispositive evidence because the officers had no reasonable suspicion to stop or probable cause to arrest him for loitering and prowling. We reverse the denial of the motion to suppress because the officers did not have probable cause to arrest Mills. As the lack of probable cause to arrest compels us to reverse, we do not reach the issue of whether the officers had reasonable suspicion to stop Mills.
 

 On February 17, 2009, at about 12:30 a.m., two police officers were patrolling the East Gateway area of downtown Clear-water — which they considered to be a high crime area and which had been recently hit with a series of “smash-and-grab” burglaries — when they saw a man walking out from behind a closed business complex. The officers circled around the block, and the man turned to walk back the way from which he had come. Because the man’s behavior had drawn their attention, the officers pulled behind the business complex. There, they observed the man standing in a dark area “up against the building, behind a tree in ... some overgrowth.” The officers put a spotlight on the man, and he walked toward them. When they asked him what he was doing, he stated that he had walked behind the business because he had gotten nervous when he saw the police cruiser. He told the officers that his name was David Mills.
 

 The officers arrested Mills for loitering and prowling. When they searched him, they discovered prescription pills (oxyco-done and hydromorphone). Upon finding the pills, the officers read Mills his
 
 Miranda
 

 [1]
 

 rights. Mills told them that the pills were for his blood pressure and heart. He explained that he was living at the motel next to the business complex (the two buildings were linked by a parking lot). The officers later discovered that the man’s name was actually Greyson Mills. There were no 911 calls reporting criminal activity in the immediate area at the time the officers stopped Mills.
 

 In an appeal of a motion to suppress, we must accept the trial court’s findings of fact if they are supported by competent, substantial evidence.
 
 Simms v. State,
 
 51 So.3d 1264, 1265 (Fla.2d DCA 2011). We review the trial court’s application of the law de novo.
 
 Id.
 

 To justify arresting Mills, the officers needed probable cause to believe that he had already committed, was currently committing, or was about to commit a crime.
 
 See Caldwell v. State,
 
 41 So.3d 188, 196 (Fla.2010). Here, the officers arrested
 
 *939
 
 Mills for loitering and prowling.
 
 See
 
 § 856.021, Fla. Stat. (2008). There are two elements to the crime of loitering and prowling.
 
 Ferguson v. State,
 
 39 So.3d 551, 553 (Fla. 2d DCA 2010).
 

 First, “‘the accused must loiter or prowl in a manner not usual for a law-abiding citizen. This conduct must come close to but fall short of the actual commission or attempted commission of a substantive crime and suggest that a breach of the peace is imminent.’ ”
 
 Id.
 
 (quoting
 
 Rucker v. State,
 
 921 So.2d 857, 859 (Fla. 2d DCA 2006)). The first element requires more than a “vaguely suspicious presence.”
 
 J.S.B. v. State,
 
 729 So.2d 456, 457 (Fla. 2d DCA 1999). And a defendant’s “response to the police pursuit cannot be used retroactively to support an imminent suspicion of criminal activity.”
 
 Hollingsworth v. State,
 
 991 So.2d 990, 992 (Fla. 4th DCA 2008).
 

 Second, “ ‘the factual circumstances must establish that the accused’s behavior is alarming in nature, creating an imminent threat to public safety.’ ”
 
 Ferguson,
 
 39 So.3d at 553 (quoting
 
 Rucker,
 
 921 So.2d at 859). In this context, “drug possession does not pose a threat to persons or property.”
 
 Stephens v. State,
 
 987 So.2d 182, 184 (Fla. 2d DCA 2008). Both elements of the offense of loitering and prowling must occur in the officer’s presence and must be completed before the officer takes action.
 
 J.S.B.,
 
 729 So.2d at 457. Additionally, “[a] defendant’s explanation of his presence is not an element of the crime [of loitering and prowling].”
 
 Simms,
 
 51 So.3d at 1267.
 

 Because of its potential for abuse, the loitering and prowling statute must be applied with special care.
 
 Id.
 
 at 1268. “ ‘It cannot be emphasized enough that the loitering and prowling statute is not to be used as a “catchall” provision whereby police may arrest citizens where there is no other basis which would justify their detention.’ ”
 
 Id.
 
 (quoting
 
 L.C. v. State,
 
 516 So.2d 95, 97 (Fla. 3d DCA 1987)). “Instead, the proper application of this statute ‘requires a delicate balancing between the protection of the rights of individuals and the protection of individual citizens from imminent criminal danger to their persons or property.’”
 
 L.C.,
 
 516 So.2d at 97 (quoting
 
 State v. Ecker,
 
 311 So.2d 104,107 (Fla.1975)).
 

 The officers in this case did not have probable cause to arrest Mills for loitering and prowling. Because they did not observe Mills committing both elements of the crime, they could not provide an objective, articulable justification for arresting him.
 
 See Simms,
 
 51 So.3d at 1268;
 
 Watts v. State,
 
 583 So.2d 792 (Fla. 2d DCA 1991);
 
 Woody v. State,
 
 581 So.2d 966 (Fla. 2d DCA 1991).
 

 In
 
 Woody,
 
 a police officer on patrol at 6:40 p.m. noticed a group of several men congregating in a residential neighborhood known for drug activity. Upon seeing the officer in his marked vehicle, the men fled. One of the men, Arthur Woody, hid in dense foliage about thirty to forty feet away from nearby homes. When the officer approached Woody and questioned what he was doing, he replied that he was “just hanging out.”
 
 Woody,
 
 581 So.2d at 966. The officer, unsatisfied with the explanation, arrested Woody for loitering and prowling. In a search incident to the arrest, the officer discovered a crack pipe with cocaine residue. The officer testified that he had arrested Woody to prevent him from robbing or kidnapping passersby. This court held that the officer did not have probable cause to arrest Woody for loitering and prowling, stating that the officer’s concern for the safety of passersby was “not supported by any articulable facts which could reasonably warrant such
 
 *940
 
 a concern.”
 
 Id.
 
 at 967. The court further clarified that the officer’s concern was “based on pure speculation; there was nothing to suggest any independent criminal activity afoot.”
 
 Id.
 

 Much like the officer in
 
 Woody,
 
 the officers in this case arrested Mills based on “pure speculation.” Mills was at most a vaguely suspicious presence. While he was in a high crime area that had been hit with a series of “smash-and-grab” burglaries, there had been no report of a burglary in the area at the time the officers encountered him. Mills’ conduct of walking out from behind a closed business, turning around when he saw the officers, and walking back behind the closed business did not come close to the actual commission or attempted commission of a substantive crime. Nor did it suggest that a breach of the peace was imminent.. Additionally, Mills’ behavior did not raise alarm or suggest an imminent breach of the peace or threat to persons or property.
 

 Mills attempted to avoid the police and, when the officers pursued him, he concealed himself. But when the officers spoke to him, he came out from his hiding place, identified himself, and provided some explanation for his behavior. While his explanation that the police made him nervous was vaguely suspicious, it was not enough to raise alarm or suggest an imminent threat.
 

 And though the officers later discovered that Mills had provided a false name and had illegal drugs on him, these facts cannot be used retroactively to support the officers’ suspicion of imminent criminal activity.
 
 See Stephens,
 
 987 So.2d at 184. Furthermore, evidence of these two types of crimes would not- support a finding that Mills was an imminent threat to persons or property.
 
 See id.
 

 Because the officers did not have probable cause to arrest Mills, the evidence obtained during the search should have been suppressed. Accordingly, we reverse.
 

 Reversed.
 

 KELLY and BLACK, JJ„ Concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).