MAY, J.
The defendant appeals his convictions and sentences for burglary and loitering and prowling. He argues that the trial court erred in denying his motion to suppress and in denying his motion for judgment of acquittal on the loitering and prowling charge.[1] We agree in part and reverse.
*422 The State charged the defendant with burglary of a dwelling, grand theft, and loitering and prowling after a search of his car incident to arrest uncovered stolen items from a recent burglary. The defendant moved to suppress that evidence, arguing that law enforcement did not have reasonable suspicion to stop the defendant and lacked probable cause to arrest. The State responded that both reasonable suspicion and probable cause existed to warrant the stop and subsequent arrest.
At the hearing on the motion to suppress, the State called the detective who responded to a 911 call from a concerned homeowner. The homeowner informed the dispatcher that a female had knocked on his door looking for “Crystal.” When the homeowner asked the female what Crystal’s address was, the female looked startled and did not know the address. She then left in a black Thunderbird. The homeowner provided the dispatcher with the car’s description and license plate number.
Three officers responded in unmarked police cars to look for the black Thunderbird. The detective was familiar with the area due to the fact that thirty-one burglaries had been committed there within the last two months. Many of them had been committed by having someone knock on the front door of the residence to determine whether anyone was home.
The detective located the Thunderbird, which was occupied by two individuals, a female driver and the defendant passenger. The detective followed the Thunderbird and observed it traveling slowly and stopping in front of several houses. When the Thunderbird left the detective’s jurisdiction, a sergeant from the next jurisdiction continued to follow the car.
The State then called the sergeant, who testified that based on the detective’s request and the information relayed to him, he stopped the Thunderbird. At that point, the Thunderbird was being driven by the defendant. The sergeant asked the defendant where he was coming from, why he was driving slowly, and other questions to dispel his suspicion. The defendant did not provide any information, claimed to be lost, and failed to dispel the sergeant’s concern. The sergeant wrote the defendant a ticket for a cracked taillight and then placed him under arrest for loitering and prowling.
Defense counsel argued that the State had neither established reasonable suspicion for the stop nor probable cause to arrest the defendant for loitering and prowling. The State responded that probable cause existed because the defendant was unable to dispel the sergeant’s concern that he had been “casing” the neighborhood. The trial court deferred ruling, but later denied the motion by written order.[2]
The court found the officers had reasonable suspicion to stop the defendant for loitering or prowling because: (1) law enforcement received information from a reliable citizen informant; (2) the defendant was still in the area one and one-half hours later driving the same vehicle in an unusual and suspicious manner; (3) these events occurred at a similar time of day as recent burglaries in the area; and (4) the prior neighborhood burglaries had encompassed the same technique of knocking on doors to determine what houses were occupied. *423 Once the sergeant stopped the defendant, who failed to dispel his concern that he had been checking out homes to burglarize, probable cause existed to arrest him. Once the officers had probable cause to arrest, they could legally search the defendant’s car incident to that arrest.
The defendant continues to argue that his arrest for loitering and prowling was not supported by probable cause, and the stolen items found in his car should have been suppressed as the fruits of an illegal seizure. The State responds that the totality of the circumstances—including the defendant’s driving pattern, which matched the modus operandi of other recent burglaries—established probable cause.
“A trial court’s decision on a motion to suppress requires a mixed standard of review. ‘An appellate court is bound by the trial court’s findings of historical fact if those findings are supported by competent, substantial evidence.’ ” State v. Holland, 76 So.3d 1032, 1034 (Fla. 4th DCA 2011) (quoting Ferguson v. State, 58 So.3d 360, 363 (Fla. 4th DCA 2011)). We have de novo review of the issues of law. Id.
Section 856.021(1), Florida Statutes (2009), makes it “unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.”
We must be cautious that the statute not be used as a pretext and thereby interfere with the activities of law-abiding citizens. Mills v. State, 58 So.3d 936, 939 (Fla. 2d DCA 2011). “Instead, the proper application of this statute ‘requires a delicate balancing between the protection of the rights of individuals and the protection of individual citizens from imminent criminal danger to their persons or property.’ ” L.C. v. State, 516 So.2d 95, 97 (Fla. 3d DCA 1987) (quoting State v. Ecker, 311 So.2d 104, 107 (Fla.1975)).
The first element of the crime “has been read to require a threat of immediate, future criminal activity.” V.E. v. State, 539 So.2d 1170, 1171 (Fla. 3d DCA 1989) (citing D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985)). “[T]he State must prove more than vaguely suspicious presence.” J.S.B. v. State, 729 So.2d 456, 457 (Fla. 2d DCA 1999).
The second element requires “justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” § 856.021(1), Fla. Stat. (2009). The suspect must be given an opportunity to explain and dispel any alarm or concern, but “the failure of a defendant to explain his presence and conduct cannot constitutionally be considered as a circumstance tending to establish the second element.” V.E., 539 So.2d at 1172 (citing D.A. v. State, 471 So.2d 147, 154 (Fla. 3d DCA 1985)).
Because the offense of loitering and prowling is a misdemeanor, a police officer may only make a warrantless arrest for this offense if both elements of the crime are committed in his presence. Consequently, only a police officer’s own observations may be considered in determining whether probable cause existr ed to make a warrantless arrest. The officer must be able to point to specific and articulable facts, which, when taken together with rational inferences, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened.
Freeman v. State, 617 So.2d 432, 433 (Fla. 4th DCA 1993) (internal citation omitted). We may consider the observations of all the officers who observed the defendant. *424 See State v. Boatman, 901 So.2d 222, 224 (Fla. 2d DCA 2005).
We may not, however, consider the contents of the citizen’s 911 call to law enforcement. See Jones v. State, 117 So.3d 818, 822 (Fla. 4th DCA 2013) (“the witnesses’ report of individuals knocking on their door cannot be considered.”). Nor can we consider reports of recent crimes or the fact that a neighborhood is a “high-crime area.” C.H.S. v. State, 795 So.2d 1087, 1091 (Fla. 2d DCA 2001). Having reviewed the order, it appears that the trial court did not filter out these facts in making its decision on the motion to suppress.
Here, the officers’ observations did not satisfy the first element of the crime. Taking the officers’ observations together under the fellow-officer rule, the defendant was driving slowly in a neighborhood and stopped in front of a few houses around noon. At most, the defendant’s actions were vaguely suspicious, but did not satisfy the first element of the loitering and prowling statute. See J.S.B. v. State, 729 So.2d 456, 457 (Fla. 2d DCA 1999).
Even if the defendant’s actions were unusual for a law-abiding citizen, the second element was not satisfied. The second element requires alarm or immediate concern for public safety. Here, the defendant did not attempt to flee or hide, and immediately pulled over when the officer executed the traffic stop. There was no alarm that needed to be dispelled. Even if the defendant’s responses to the sergeant’s questions were unsatisfactory, “the failure of a defendant to explain his presence and conduct cannot constitutionally be considered as a circumstance tending to establish the second element.” V.E., 539 So.2d at 1172 (citing D.A., 471 So.2d at 154 (Fla. 3d DCA 1985)).
For the reasons expressed, we find reasonable suspicion to stop the vehicle, but no probable cause to arrest the defendant for loitering and prowling. Without the lawful arrest, law enforcement had no justifiable basis to search the vehicle, and the fruits of the search must be suppressed. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We therefore reverse the order denying the defendant’s motion to suppress. This renders the defendant’s argument on the judgment of acquittal moot. We remand the case to the trial court for proceedings consistent with this opinion.

Reversed and Remanded.

GROSS and FORST, JJ., concur.

. The defendant raises two other issues: (1) the court erred in allowing the State to exer *422 cise peremptory challenges to certain jurors; and (2) the defendant's right to be free from double jeopardy was violated by the court's correction of the original sentence. We find no merit in either of these issues.

. We note that while Judge Levenson tried the case, Judge Bidwill heard and ruled on the motion to suppress.