NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DONALD BLACK,                          )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D13-4834
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed July 11, 2014.

Appeal from the Circuit Court for Polk
County; Roger Alcott, Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

           Donald Black challenges his judgment and sentence for possession of

methamphetamine.  He pleaded to the charge but reserved his right to appeal the denial

of a dispositive motion to suppress.  Because we conclude that officers lacked probable

cause to arrest Black, we reverse the denial of the suppression motion, reverse Black's judgment and sentence, and remand for his discharge.

Black was charged with felony petit theft, resisting an officer without violence, and possession of methamphetamine. All of the charges stemmed from Black's arrest upon leaving a Sears department store. Black filed a motion to suppress the methamphetamine found on his person following his arrest for petit theft. The motion was denied, and Black proceeded to trial only on the petit theft and resisting charges. A jury acquitted him, and Black subsequently pleaded to the possession charge but preserved for appeal the denial of his suppression motion.

Testimony at the suppression hearing established that officers received an "in progress" theft call. According to Officer Maultsby, who testified at the suppression hearing, one officer went inside the store, met with the loss prevention employee, and watched the store's security monitors. Officer Maultsby remained outside in the store's parking lot. He stated that the inside officer relayed Black's description and activities to him. Black was walking between merchandise racks, selecting items, and placing them in a shopping cart. Officer Maultsby testified that he was told Black was placing items in the cart and "concealing" them. There was no further explanation of Black's activities in the store.

Officer Maultsby was later advised that Black was exiting the store through a particular door. He testified that upon Black's exit into the parking lot, he announced himself as a police officer and told Black to get on the ground. Officer Maultsby had his Taser out, and he had already decided that he was "going to take [Black] down." Black did not have any items in his hands nor did he have the shopping cart.

- 2 -

As he did at the suppression hearing, Black argues on appeal that the officers lacked probable cause to arrest him for petit theft.[1] Only Officer Maultsby testified at the suppression hearing, and he did not provide detailed information about Black's actions inside the store. He stated only that Black was moving in and out among the merchandise racks, placing items in his shopping cart, and "concealing" them. There was no evidence as to how Black was concealing items or what precisely that meant. Additionally, there was no evidence that Black attempted to remove anything from the store without purchasing it. While Black's actions may have been vaguely suspicious, they do not rise to the level of probable cause necessary for warrantless arrest. See, e.g., Wright v. State, 126 So. 3d 420, 424 (Fla. 4th DCA 2013).

As a result, Black's motion to suppress should have been granted. We reverse the judgment and sentence and remand for his discharge.


KHOUZAM, J., and BAUMANN, HERBERT J., JR., ASSOCIATE JUDGE, Concur.

---

[1]Black initially contended that Officer Maultsby could not rely on the statements of his fellow officer, citing section 901.15, Florida Statutes (2012). This court has previously held that the fellow officer rule applies to misdemeanor arrests, finding no reason the rule "should not allow the information that a misdemeanor has occurred in the presence of an officer to be imputed from one officer to another." State v. Boatman, 901 So. 2d 222, 223-24 (Fla. 2d DCA 2005).